WARWICK DUKE ET AL. v. E. B. WHEELER ET AL.

. Decided March 20, 1902.

**Appeal—Guardian ad Litem—Bond—Minors.**

Since the statute authorizes the appointment of a guardian ad litem for a minor only when the minor is defendant in a suit, one who has been appointed guardian ad litem for a minor plaintiff is not entitled to appeal without bond under the article exempting guardians from giving bond on appeal, although it is applicable to guardians ad litem. Rev. Stats., arts. 1211, 1408.

Appeal from Shelby. Tried below before Hon. E. B. Lewis, Special Judge.

*Bryarly & Polley,* for appellants.

*I. O. B. Richardson, A. H. McKnight, J. M. Sanders, Drury Field,* and *Jno. C. Walker,* for appellees.

ON MOTION FOR REHEARING.

GARRETT, Chief Justice.—We dismissed the appeal in this cause upon the motion of the appellees for the reason that the condition of the appeal bond was not made in accordance with the statute. Three of the appellants are minors, for whom R. S. Bryarly was appointed by the court below as guardian ad litem, and he joins them in the appeal and signed the appeal bond for them. These minor appellants by the said R. S. Bryarly have asked for a rehearing and that the appeal be reinstated as to them and him, because, they say, they were represented by a guardian ad litem who is not required by law to execute a bond for appeal. Article 1408 of the Revised Statutes exempting guardians from giving bonds on appeal has been held to apply to guardians ad litem. Schonfield v. Turner, 6 S. W. Rep., 628; Tutt v. Morgan, 18 Texas Civ. App., 627; Simon v. Blanchett, 37 S. W. Rep., 346. But the law only authorizes the appointment of a guardian ad litem for a minor when defendant in a suit. Rev. Stats., art. 1211; Schonfield v. Turner, supra; Townes on Pleading, 176. Minors may prosecute a suit by next friend, but there is no provision of the statute authorizing the next friend to appeal without bond. 1 Sayles' Practice, sec. 194.

*Motion denied.*