INTERNATIONAL & G. N. RY. CO. v. SHARPE. (No. 5298.)

(Court of Civil Appeals of Texas. San Antonio. May 20, 1914. Rehearing Denied June 17, 1914.)

1. EVIDENCE (§ 505*)—OPINION EVIDENCE.
In an action by a shipper for injuries to two horses shipped over defendant's road due to alleged rough handling, a railroad man who had handled many similar shipments was properly permitted to testify whether the horses were in a condition that horses would be if properly transported; he testifying in detail as to their condition, and basing his conclusion upon the facts detailed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2308; Dec. Dig. § 505.*]

2. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—EVIDENCE.
Error in admitting incompetent testimony was rendered harmless, where it was subsequently withdrawn, and the jury instructed not to consider it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. § 1053.*]

3. APPEAL AND ERROR (§ 213*)—SUBMISSION OF ISSUES—NECESSITY OF OBJECTIONS.
An assignment of error complaining of the action of the trial court in submitting certain issues to the jury cannot be considered by the appellate court, where no objections were filed before they were given by the trial court, as expressly required by Rev. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1165, 1304–1308; Dec. Dig. § 213.*]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by C. B. Sharpe against the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Cobbs, Eskridge & Cobbs, of San Antonio, Wilson, Dabney & King, of Houston, and Texas Schramm, of San Antonio, for appellant. Fellbaum & Carter, of San Antonio, for appellee.

CARL, J. Appellee sued the International & Great Northern Railway Company for $950 damages for injuries alleged to have been caused to two race horses which he shipped from San Antonio to Crockett, Tex., on or about August 31, 1912. The grounds of negligence, by reason of which damage is claimed, are: (1) That they were unreasonably delayed at Palestine. (2) And that they were

roughly handled. It is charged that by the rough, careless, and negligent handling the horses were—

"skinned, bruised, injured, and crippled about their heads, feet, limbs, groins, shoulders, and entire body, so that when they reached their destination they were in an ugly, emaciated condition, and were unfit for use or for sale at said place, and their market value at said place was greatly depreciated."

It is also alleged that at the time the horses were shipped they were worth on the market $750 each, and on account of the injuries received by rough handling and delay they were not worth more than $250 each on the market when they reached Crockett. He placed his damages to the horses at $750, and alleged that he had been compelled to employ a veterinary to treat the horses, and that the reasonable value of his services and medicines is the sum of $150. The cause was tried by a jury on special issues, and, on the answers returned, the court entered judgment for $600.

[1] The first assignment complains that the court erred in permitting the witness Bailey to testify whether or not the horses were in a condition that horses would be if properly transported, and were transported with ordinary care within a reasonable time; the objection being that it called for the conclusion of the witness. As to the qualification of Bailey to testify as an expert, it was shown that he began railroading in 1885, and was still in that business, and had been constantly since he began; that in such employment he had handled many shipments of horses of similar kind and cattle, where the distance was from 300 to 400 miles, and had observed the condition of horses upon their arrival at their destination. Bailey testified to the condition and injuries of the horses in detail upon their arrival, and other witnesses did the same. The testimony was amply sufficient to establish the injuries.

There might be some merit in appellant's contention, if the evidence complained of as being a conclusion stood alone, without being based upon facts given in the witness' testimony. But Bailey showed the condition the horses were in upon their arrival, and also showed a sufficient experience to qualify him as an expert in that line of work. It was not a mere conclusion not based upon facts given, but was an opinion based upon experience and facts. In True Bros. v. St. L., B. & M. Ry. Co., 143 S. W. 298, the court held that a qualified witness was held competent to testify or give his opinion as to the percentage of loss or shrinkage in a stock shipment, if the shipment were handled in the usual and ordinary way. And again in St. Louis & S. F. Ry. Co. v. Rich et al., 162 S. W. 1194, Chief Justice Conner held that a shipper of cattle of long standing, who was well qualified to give an opinion on that question, was properly permitted to testify what the shrinkage in weight of cattle would be on an ordinary run as usually made, without any bad treatment. This assignment is overruled and, since the second assignment deals with the same subject in another form, it is also overruled. See, also, St. Louis, B. & M. Ry. Co. v. Wood Bros., 147 S. W. 283.

[2] The third assignment complains that the plaintiff was permitted to testify that, from his experience in shipping and handling horses on freight trains, 15 hours is not a reasonable delay; the objection being that it was a conclusion of the witness. After a colloquy between the attorneys, the testimony was withdrawn, and the court instructed the jury not to consider it. We overrule the assignment.

[3] The fourth, fifth, sixth, and seventh assignments are overruled, because they complain of the action of the court in submitting certain special issues to the jury; and the record does not show that any objections were filed to the giving of the same before they were read to the jury as provided in article 1971, as amended by the Thirty-Third Legislature (General Laws of 1913, p. 113). The former practice of attacking the charge after the trial was over, and when the unsuccessful party would retire to the seclusion of his office, there to subject the charge to a microscopic examination for the purpose of discovering some means of extricating himself from the predicament in which the jury's verdict placed him, led to the amendment of the law on that subject. Trial courts are the forums in which the people's rights are determined, and it is not to be expected that the judge there, without time for careful examination of the law, at all times will be able to determine what the courts have decided, or to proceed with that precision which would preclude error. He is entitled to the assistance and co-operation of counsel, to the end that error may be avoided, and litigation terminated, without the necessity of appealing cases. And it is but fair to the trial court that lawyers in the case ask the charges they desire and make known their objections to those given before the trial has closed, and while the errors may be avoided, before the jury has deliberated and been discharged. So pressing did the Legislature feel the need of such relief for the courts that article 1971 was amended in 1913, with the emergency clause attached. True, it did not receive the necessary vote to make it effective at once. Not having complied with this article as amended, the appellant will not now be heard to complain.

The eighth assignment is without merit, and is overruled.

The judgment is affirmed.