SIMMONS et al. v. ARNIM et al. (No. 370.)†

(Court of Civil Appeals of Texas. El Paso.
Dec. 3, 1914. Rehearing Denied
Jan. 7, 1915.)

1. INFANTS (§ 78*) — ACTIONS AGAINST — GUARDIAN AD LITEM.

In a suit against infants cited to appear and answer, the court, in the absence of a general guardian of their estate, must, as required by Rev. St. 1911, art. 1942, appoint a guardian ad litem.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 195–207, 209; Dec. Dig. § 78.*]

2. INFANTS (§ 116*) — ACTIONS AGAINST — GUARDIAN AD LITEM — COMPENSATION — COSTS.

Under Rev. St. 1911, art. 1942, authorizing the court to allow reasonable compensation to a guardian ad litem for infant defendants, and article 2048, authorizing the court to tax costs against either party, the court may tax, as costs against successful infant defendants, the compensation allowed their guardian ad litem.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 333–336; Dec. Dig. § 116.*]

3. INFANTS (§ 112*)—JUDGMENT—COLLATERAL ATTACK.

A judgment, though erroneous for taxing as costs against successful infant defendants the compensation allowed their guardian ad litem, is voidable only, and not subject to collateral attack.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 320; Dec. Dig. § 112.*]

4. INFANTS (§§ 83, 116*)—ACTIONS AGAINST—GUARDIAN AD LITEM—ALLOWANCE OF COMPENSATION.

Where infant defendants were cited to appear and answer, and a guardian ad litem was appointed for them, the court could fix the compensation of the guardian and tax the same against the infant defendants obtaining a judgment, without representation by the infants; for the allowance was not a separate cause of action requiring further representation or service on the infants.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 232–235, 333–336; Dec. Dig. §§ 83, 116.*]

5. INFANTS (§ 83*) — ACTIONS AGAINST — GUARDIAN AD LITEM—ALLOWANCE OF COMPENSATION.

Allowance of compensation to a guardian ad litem for infant defendants having no general guardian of their estate may be made in part at the term of rendition of judgment and in part at a subsequent term after affirmance of the judgment on appeal, though the better practice is to await the final determination of the suit before fixing compensation.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 232–235; Dec. Dig. § 83.*]

6. INFANTS (§ 114*) — ACTIONS AGAINST — ALLOWANCE OF COMPENSATION TO GUARDIAN AD LITEM—JUDGMENT—ENFORCEMENT.

A judgment against infant defendants for compensation to their guardian ad litem may be collected by execution where there is no guardianship pending.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 323, 325; Dec. Dig. § 114.*]

7. EXECUTION (§ 81*)—REQUISITES—NAMES OF PARTIES.

Where the names of parties defendant out of whose property the money was to be made appears on the face of the execution, and the name of plaintiff in the judgment appears on the back thereof as an indorsement, the execution sufficiently shows the names of the parties.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 177; Dec. Dig. § 81.*]

8. EXECUTION (§ 82*)—DESCRIPTION OF JUDGMENT—SUFFICIENCY.

An execution which recites the recovery of a judgment on a designated date and term of court for a specified sum, and a further judgment recovered at a subsequent term and on a date specified for a sum specified, sufficiently describes the judgments.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 178; Dec. Dig. § 82.*]

9. EXECUTION (§ 84*)—DESCRIPTION OF PROPERTY—SUFFICIENCY.

An execution on a judgment in trespass to try title which describes the property as that recovered in the suit conforms to the judgment, which ordered that execution issue only against the property recovered in the suit, so as to make the description of the property therein a part of the execution, and the execution sufficiently describes the property to pass title on execution sale.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 177, 180, 204; Dec. Dig. § 84.*]

Error to District Court, Harris County; Chas. E. Ashe, Judge.

Action by Susan S. Simmons and others against F. F. Arnim and others. There was a judgment for defendants, and plaintiffs bring error. Affirmed.

Locke & Locke, of Dallas, for plaintiffs in error. Taliaferro & Taliaferro, E. P. & O. K. Hamblen, and Baker, Botts, Parker & Garwood, all of Houston, for defendants in error.

HARPER, C. J. This suit was brought by Susan S. Simmons and husband, J. W. Simmons, Mary C. Langley and husband, W. G. Langley, and William B. Gregg, on March 13, 1911, in trespass to try title, against F. F. Arnim, E. B. Parker, trustee, Andrew Dow, Kate Scanlan, Henry Albrecht, S. Taliaferro, and Rosalie H. Taliaferro, Robert Talbot, Max Murray, and Adrian Bailey, to recover the east part of block one of Darius Gregg's First addition to the city of Houston. Robert Talbot, Max Murray, and Adrian Bailey, tenants in possession, disclaimed. The other defendants answered by pleas of not guilty and limitations of three, five, and ten years, and by a special plea that the property had been acquired by them through a sale under execution on a judgment against the plaintiffs for a fee allowed to a guardian ad litem for the plaintiffs in a suit styled Jacob Chase v. W. B. Gregg et al., in the district court of Harris county; that the fee was properly allowed to the guardian ad litem; that it was properly taxed against the plaintiffs; that judgment was properly rendered against them accordingly; that the execution in question properly issued on such judgment; that the land was seized and sold thereunder; that it sold for a fair price; and that, if there were any irregularities in the sale, the court should confirm the same.

The validity of such proceedings was the primary issue in the case. Each of the three plaintiffs requested a peremptory instruction in his favor for a one-third interest in the land, but the court refused the requests, and, instead, instructed the jury to return a verdict for the defendants. Judgment was entered accordingly; the plaintiffs' motion for a new trial was overruled; and the plaintiffs brought the case to this court by writ of error.

Divested of all immaterial matters, the plaintiffs show title to the land in themselves through proper muniments of title and by inheritance from ancestors, unless divested from them by a sale under execution issued on a judgment in favor of S. Taliaferro, guardian ad litem, in the suit of Jacob Chase v. W. B. Gregg et al. The essential facts surrounding that judgment and leading up to the issuance of execution and sale thereunder, to the proper determination of the issues presented here, are as follows:

August 23, 1893, Jacob Chase filed suit against Dr. Lipscomb and wife and the plaintiffs in this suit, who were then minors, to quiet the title to certain property, including that in question; all the parties served by citation. S. Taliaferro was appointed guardian ad litem to represent the minors, and did represent them in the trial of the cause. The suit resulted in judgment for the minors. The trial court, in the same judgment that decreed the lands to the minors, made an allowance of $1,200 fee to guardian ad litem, and gave judgment therefor, and directed that execution issue for same against the property recovered only. After the case had been appealed and affirmed, the trial court entered an order which determined that the first allowance was insufficient, and allowed $500 additional to be paid out of the estate decreed to them in the suit. Thereafter execution issued, was served, and the property sold to T. W. House for $1,700, its fair value, who took title for S. Taliaferro, as a convenient method of making the land stand as security for indebtedness of Taliaferro to House, and the amount was credited on the execution.

Appellants, by their first, second, and third assignments, assert that the trial court erred in its instruction for defendants:

First. Because the undisputed evidence showed that the plaintiffs owned and were entitled to the possession each of an undivided one-third interest in the land in suit, unless the title had been divested from them by the sale under the execution issued on the judgments in favor of Taliaferro, guardian ad litem.

(a) Title will not be divested by an execution sale when the statutes expressly or impliedly forbid the enforcement of the judgment that way, and, the judgment being against minors, it should have been collected only through a guardianship, and not by service of a sale under execution.

(b) Title will not be divested by execution sale unless the judgment wherein the execution issued be valid and authorize the execution, and unless the execution be in conformity with the statutory requirements.

(c) A single execution drawing its authority jointly from two judgments is void if either judgment is void.

(d) An execution issued for a substantially greater sum than that legally imposed by judgment is void, and a sale thereunder is ineffectual, especially if the sheriff, in performing the excessive command, seizes and sells more property than the judgment warrants.

(e) A judgment rendered against minors when they are not, either voluntarily or compulsorily, before the court, and are not represented by guardian or guardian ad litem, is void. The citation served upon the minors at the commencement of the suit was not sufficient to retain them for the purpose of these judgments, and, the guardian ad litem being adversely interested to them, they should have been cited or been represented by another guardian ad litem.

(f) The execution was not in conformity with the requirements of the statutes, in that it did not correctly describe the purported judgment or judgments on which it was issued, or the parties to the same, and did not set forth the property to be sold for the satisfaction thereof. Seventh, eighth, and ninth assignments.

[1] The suit of Chase v. Gregg having been filed, and the minors cited to appear and answer, in the absence of a guardian of their estate, it became the duty of the court in which the cause was pending to appoint a guardian ad litem. Article 1942, Revised Civil Statutes; Duke v. Wheeler, 28 Tex. Civ. App. 391, 67 S. W. 439; Wallis v. Stuart, 92 Tex. 568, 50 S. W. 567.

[2] And by the same article it is the duty of the court to decide upon a reasonable fee for his services, and tax it as a part of the costs of the suit, and the costs may be taxed against either party (article 2048, Revised Civil Statutes), and it was not error to tax this fee as an item of costs against the successful party (Ashe v. Young, 68 Tex. 123, 3 S. W. 454; Glasscock v. Stringer, 33 S. W. 677; Holloway v. McIlhenny, 77 Tex. 657, 14 S. W. 240).

[3] But, if it was error in this case to tax the costs against the successful party, the judgment is voidable only, and not subject to collateral attack. Alston v. Emmerson, 83 Tex. 231, 18 S. W. 566, 29 Am. St. Rep. 639.

[4] Appellant urges that, because the minors were not represented in the particular matter of adjudging the costs against them, the judgment is a nullity. This was not such a distinct and separate cause of action as required any further representation or service upon the minors. The minors being par-

ties to the suit of Chase v. Gregg, their property was lawfully chargeable with any costs adjudged against them, and the law clothed the court with the power to determine what costs were proper to be taxed, and against whom such should be charged; and the court is by law charged with this duty, independent of any action upon the part of any party to the suit, and with the power to enter its decree in such form that their collection may be enforced.

[5] The court is peculiarly and particularly in the position to make this judicial determination by reason of the fact that he is thoroughly familiar with the nature, extent, and value of the services performed (Japhet v. Pullen, 153 S. W. 1188), and, there being nothing in the statute requiring it to be done at any particular time, it may be done at any time at which the value of the services may be determined. The court was certainly in a position to determine the value of the services of the guardian ad litem up to and including the actual trial of the cause, and there is no good reason why his action in fixing $1,200 for services performed at that time was erroneous. But, again, appellant urges that the $500 additional fee determined and taxed at a subsequent term was without authority, and the judgment entered therefor is void, because the court lost control of the matter after adjournment of that term of court. The act of fixing the fee for the guardian ad litem is a judicial act required of every court by law, confined to the pending suit, and is in no sense a determination of any issue raised in the suit; therefore does not come strictly under the head of amending or adding to a judgment entered or retaxing costs, for the fee does not become costs in the suit or subject to formal decree until it has been fixed and taxed by the court. It would seem that the better practice in such cases would be to await the final determination of the suit before fixing the fee, because then only would the court properly decide what a reasonable compensation would be. But we see no reason why this additional amount was not properly determined and taxed at the time it was done. At least there was no abuse of discretion, and, if there was, it cannot be taken advantage of by collateral attack.

[6] Should the judgment have decreed that the amount be paid through a guardianship proceeding in the county court, instead of directing that execution issue against the property of the minors?

If there had been a guardianship pending, there would be no question of the correctness of appellant's proposition, for then the guardian must be made a party to the suit, but there is no provision in the law requiring a guardian, or which impliedly requires one. There is no provision in our laws, as in cases of executors and administrators, that judgments against minors should not direct execu-

tion to issue, or that they should be classified and paid currently with other claims of the same degree; in fact, as stated, nothing to indicate that judgments against minors without guardians of their estate or the time rendered are not to be collected by execution as in other cases. Adriance v. Brooks, 13 Tex. 280.

If appellant's contention is correct that the judgment could only be enforced through a guardianship proceeding, there are many supposable cases that would leave the court without remedy to enforce its decree: Suppose no Texas court had jurisdiction; suppose some court in Texas had jurisdiction, but there was no one who could or would file the application in form as required by article 4061, Rev. Civ. Stat., etc.

The judgments entered are valid, and were subject to be enforced by execution as provided therein; so this brings us to the last question raised by the record: "Was the execution by virtue of which the sale was made in conformity with the requirements of the statutes?" Appellant charges that it was not for the reasons: (1) It does not set forth the names of the parties; (2) the judgments are not accurately described therein; (3) the judgment commanded the sale of particular property for the satisfaction thereof, and the execution was not so framed.

The execution is as follows:

"The State of Texas to the Sheriff or any Constable of Harris County—Greeting:

"Whereas at the April term, 1894, of the honorable district court of Harris county, Tex., on the 14th day of April, 1894, S. Taliaferro, as guardian ad litem, recovered a judgment against the minors William Bowen Gregg, Susan B. Gregg, and Carrie May Gregg for the sum of twelve hundred dollars ($1,200.00), and at the June term, 1896, of said court on June 1, 1896, recovered a further judgment against said minor defendants for the additional sum of five hundred dollars ($500.00), aggregating seventeen hundred dollars ($1,700.00) dollars and all costs of suit, which said defendants ought now to pay: Now, therefore, you are hereby commanded that, of the goods, chattels, lands, and tenements of the said William Bowen Gregg, Susan B. Gregg, and Carrie May Gregg recovered in this suit, you make or cause to be made the said sum of seventeen hundred ($1,700.00) dollars with 6 per cent. interest on twelve hundred ($1,200.00) dollars from April 14, 1894, 6 per cent. interest on five hundred ($500.00) dollars from June 1, 1896, until paid, and the further sum of one 50/100 ($1.50), by way of costs, together with your legal fees and commission for collecting the same. Herein fail not to make due execution and return of this writ within 60 days from this date.

"Given under my hand and seal of office at Houston this 8th day of September, 1896.

"[Signed] J. R. Waties,
"Clerk District Court Harris County, Texas,
"By C. G. Vinson, Deputy."

Indorsement:

"#15659. Jacob Chase v. William Bowen Gregg et al. Execution issued September 8, 1896. J. R. Waties, Clk. D. C. H. C., by C. G. Vinson, Deputy.
"Dated Judg. 14 day April, 1894.
1 " June, 1896.
"Bill costs.    Clerk's costs, $1.50."

[7] The name of the plaintiff in the judgment does not appear upon the face of the instrument, but does appear upon the back as an indorsement. The names of the parties defendant out of whose property the money is to be made do appear upon the face of the executions, which is sufficient. Collins v. Hines, 100 Tex. 304, 99 S. W. 400.

[8, 9] The execution copied above shows that the judgments were sufficiently described, so not subject to the second objection. As to the third objection, the execution was for specific property, to wit, "goods, * * * lands, * * * etc., of the said [named all defendants] * * * recovered in this suit." The words "recovered in this suit" is a sufficient reference to the judgment entered to make the description of the property therein a part of the execution, and thereby constituted a sufficient description to pass the title on the execution sale. Focke et al. v. Garcia, 41 S. W. 187.

Finding no error in the record, the judgment is affirmed.