### FT. WORTH & R. G. RY. CO. v. ELLIS. (No. 6441.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 27, 1920. Rehearing Denied Dec. 1, 1920.)

**1. Evidence ⟨⟩542—Freight conductor could testify that cattle were not in condition to stand shipment.**

Where the witness had been a freight conductor for more than 15 years and had handled shipments of probably 5,000 head of cattle, it was improper in an action for injuries to a shipment of cattle to refuse to allow the witness to give opinion evidence as to whether they were in condition to stand the trip.

**2. Appeal and error ⟨⟩1056(1)—Improper exclusion of evidence on abandoned issue harmless.**

In an action for injuries to a shipment of cattle where the charge did not submit the question whether the cattle were in condition to stand trip and the defendant railroad company made no objection and requested no special charge thereon, the contention must be deemed abandoned, so the exclusion of expert testimony that the cattle were too weak to stand the trip was harmless.

**3. Carriers ⟨⟩230(12)—Charge restricting recovery to three cars of shipment properly refused.**

In an action for injuries to a shipment of cattle where there was testimony that the railroad company refused at one point to allow the owner's agents to care for animals down in the cars, and that at another point three cars were roughly handled in switching, a requested charge restricting recovery to the three

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cars was properly refused; there being further testimony that other cars were roughly handled.

Appeal from District Court, Menard County; N. T. Stubbs, Judge.

Action by Bud Ellis against the Ft. Worth & Rio Grande Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Goree, Odell & Allen, of Ft. Worth, and Newman & McCollum, of Brady, for appellant.

Moses & Rowe, of Ft. Worth, for appellee.

FLY, C. J. This is a suit for damages arising from negligence as to certain cattle shipped by appellee from Menard to Granbury, prosecuted by appellee against appellant. It was alleged in the petition that the cattle were not transported with reasonable speed and dispatch, but were unreasonably delayed, that permission was refused to appellee to assist cattle down in the cars to their feet, and that three carloads of the cattle were handled so roughly at Brownwood as to kill many of them, and maim and bruise the others. Appellant pleaded contributory negligence on the part of appellee in not properly caring for the cattle en route as he had agreed to do, and in driving the cattle, after reaching their destination, five miles without food or water; the cattle being poor and weak, and not in condition to be so driven. It was further answered:

"That all the cattle included in the shipment were extremely poor and weak and were being transported to pasture in order to save their lives; that on account of such poverty said cattle, or some of them, were so weak and poor that they could not stand up in the cars and were permitted by plaintiff and his agents accompanying the shipment to get down in the cars and be trampled to death; that the death of said cattle that were dead when they reached Granbury was not due to any wrongful act of defendants, but was due to the fact that said cattle were so poor and weak that they were not able to stand the trip from Menard to Granbury."

The cause was submitted to a jury in the most general way as to negligence, without any reference to the matters of negligence specially pleaded and without reference to any matters of defense pleaded by appellant, and appellant did not request the presentation of any defenses set up in its answer except as to a failure on the part of appellee to accompany and care for the cattle, and as to damages being confined to three cars. The jury returned a verdict in favor of appellee for $2,525, and judgment was rendered accordingly.

[1] The first assignment of error complains of a refusal by the court to allow J. A. Stanley to answer the following question:

"Please state whether or not in your opinion these cattle were in such physical condition that they could stand a run from Menard, Tex., to Granbury, Tex."

The witness had qualified as an expert on the shipment of cattle, having been a freight conductor for more than 15 years and having handled shipments of probably 5,000 head of cattle and having acquired the knowledge as to what condition cattle should be in to stand transportation by rail. He would have testified that the cattle were so weak and poor they could not stand shipment. The witness had testified that the cattle were very poor and thin and others had so testified, and the expert should have been permitted to testify that their condition was such that they could not stand shipment. Railway v. McCullough, 118 S. W. 558; True v. Railway, 143 S. W. 298; Railway v. Beckham, 152 S. W. 228; Railway v. Sharpe, 167 S. W. 814. However, although it was error to exclude the testimony, still, under the record presented to this court, a reversal will not follow.

[2] The question as to the condition of the cattle when delivered to the carrier was not submitted by the court, and not only was no objection urged to the charge on that score, but no special charge was requested embodying that issue. No complaint was made in the motion for new trial of the charge of the court on the ground under consideration, and no assignment of error presents any such complaint in this court. We must assume that the charge was satisfactory to appellant on this point, and, if the issue as to the condition of the cattle was not before the jury, rejection of testimony on the issue could not have injured appellant. No defenses were presented by the court, and the particular defense as to the condition of the cattle was ignored by appellant in the special instructions asked by it. The issue was abandoned by the appellant, and he is in no position to claim error in the exclusion of testimony which bore only on the abandoned issue.

In the case of Thompson v. Rosenstein, 67 S. W. 439, a similar state of facts was developed, and this court, speaking through Chief Justice James, said:

"But we do not think defendants are entitled to a reversal for the exclusion of such testimony, because they failed to ask a submission of any such issue."

Of the same tenor are Railway v. Matherly, 35 Tex. Civ. App. 604, 81 S. W. 589, and Southern Gas Co. v. Adams, 198 S. W. 676. The first assignment of error is overruled.

[3] The second assignment of error assails the action of the court in refusing the following special charge:

"You are instructed that plaintiff, under the evidence in this case, is limited in his recovery for damages, if any, to the three cars of cattle which it is alleged were used at Brownwood in switching and making up other trains, if they were so used and switched, and in rendering judgment for damage to said shipment of cattle, if any, you will take into consideration only the damages, if any, that accrued to said three cars of cattle, if such injury to said three cars, if any, was due to the negligence of defendant, or its agents."

If the trial court should have given that charge, it must be because there was a total failure on the part of appellee to offer any evidence tending to show any negligence in connection with any of the cattle except the three carloads described in the charge. The instruction, had it been given, would have withdrawn from the jury every phase of the case except that in connection with three cars. It is not contended, nor is it stated in the special charge, that appellee had not alleged other grounds of negligence resulting in damage, besides that in connection with switching three cars in Brownwood; the assumption being that the evidence established no negligence except in regard to those cars. There was evidence tending to support the charge that appellee was prevented by appellant from assisting and caring for his cattle while en route, and it would have been error to have taken that evidence away from the jury as giving the charge would have done. The witnesses Ellis and Scruggs, who were caretakers of the cattle, swore positively that they were not permitted to get cattle up that were down in the cars at Stephenville. There was testimony tending to show that more than three cars were handled roughly by appellant.

No contention is made that there was not sufficient testimony to sustain a finding of negligence, nor that the testimony does not sustain the amount of the verdict found by the jury. This court finds that the evidence sustains the verdict.

The judgment is affirmed.