## HENDERSON v. APPLEGATE et al.

No. 14846.

Court of Civil Appeals of Texas.
Fort Worth.

May 23, 1947.

Rehearing Denied June 20, 1947.

Charles T. Rowland, of Fort Worth, for appellant.

H. K. Welch, of Fort Worth, for appellees Homer E. Applegate and Lillian M. Applegate.

Thompson, Walker, Smith & Shannon and John Kerr, all of Fort Worth, for appellees Modina Henderson Clarkson, Mrs. W. I. Cook Trust Estate and Seaboard Surety Co.

SPEER, Justice.

This is an appeal from a judgment rendered by the district court in a consolidated action, one branch of which was a bill of review in the probate court growing out of the appointment of a guardian, the other branch being a trespass to try title suit filed in the district court concerning the same subject matter.

On June 11, 1942, Modina Henderson Clarkson filed an application in the probate court of Tarrant County seeking guardianship of her mother, Ishie Jewell Henderson, alleged to be a person of unsound mind. On June 22, 1942, a judgment was entered reciting service in the manner and for the length of time required by law, and the applicant was appointed guardian of the person and estate of the named ward. Thereafter at various times proceedings were had among which were the sale of a house and lot in Fort Worth, Texas, for the purpose of procuring funds for the maintenance of the ward.

On October 1, 1945, plaintiff Bob Wylie Henderson filed his petition for bill of review in the probate court, attacking the validity of the appointment of the guardian and all subsequent orders and decrees in connection therewith, especially those pertaining to the sale of Lot 8 in Block 24, Oakhurst Addition to the City of Fort Worth, in Tarrant County, Texas. Plaintiff made parties defendant: His sister Modina Henderson Clarkson (the purported guardian); Homer E. Applegate and his wife, purchasers of the real estate; Seaboard Surety Company, surety on the guardian bond; and the Mrs. W. I. Cook Trust Estate, purchaser of a vendor's lien note executed when the land was sold. There is no controversy as to necessary and proper parties.

The bill of review was denied in the probate court and appeal was taken to the district court, on November 17, 1945. On the same date of the appeal, plaintiff filed a suit in district court, in short statutory form of trespass to try title to the above mentioned real estate, naming as defendants Applegate and his wife and the Mrs. W. I. Cook Estate, purchasers of the land and note.

The district court consolidated the appealed bill of review and the trespass to try title cases, and ordered all parties to replead in that court.

Plaintiff's amended petition in response to the order of repleader is necessarily of considerable length. It embraces many grounds upon which he asserts the invalidity of the guardianship proceedings, exhibits of orders entered therein as well also his action in trespass to try title in which he pleads his title because of a previously unrecorded deed from his mother to him conveying the land in controversy and exhibits a copy of the deed. We deem it unnecessary to refer to more than those parts of the amended petition which involve the points at issue.

Briefly summarized, the petition asserts the invalidity of the guardianship proceedings, because: Plaintiff and Modina Henderson Clarkson, to whom we shall refer as guardian, were brother and sister and the only heirs or their descendants of Ishie Jewell Henderson, the ward who died intestate on December 18, 1944. At the date of filing the application for guardianship, Mrs. Ishie Jewell Henderson (whom we shall refer to as the ward) was an adult person. The application for guar-

dianship did not allege that the ward had theretofore been adjudged by a court of competent jurisdiction to be a person of unsound mind, as required by Article 4113, Vernon's Ann.Civ.St. Prior to the filing of the application for guardianship, the ward had not at any time been brought before the court upon a proper written information alleging that she was a person of unsound mind and the issue tried before a jury, as provided by Articles 4269 and 4270, Vernon's Ann.Civ.St. That because of the aforesaid matters the attempted adjudication by the probate court that the ward was of unsound mind, and appointing the guardian were "void, invalid, illegal and constituted a legal fraud." These allegations are contained in paragraphs 8 and 9 of the amended petition. In paragraphs 10 to 19, both inclusive, the validity of each and all of the subsequent orders and decrees of the probate court concerning the application by the guardian to sell real estate and the final order of approval of the reported sale, were alleged to be void upon the same grounds urged as to why the appointment was void.

Paragraphs 20 to 30, both inclusive, of plaintiff's amended petition in the consolidated case are referable to his action in trespass to try title, and his damages as the reasonable rental values of the property alleged to have been unlawfully withheld from his possession.

Unlike his original petition in trespass to try title, plaintiff pled the title under which he claims to be by virtue of a deed of conveyance from his mother (the ward) under date of February 1, 1939, in which instrument grantor reserved the revenue to be derived from the property and the right to manage same until her death. A certified copy of the deed is set out as an exhibit to the pleading which shows it to have been filed for record in the County Clerk's office of Tarrant county on September 24, 1945, and recorded the next day in a given volume and page of the deed records of Tarrant County.

Defendants Applegate and wife answered by special exceptions to paragraphs 8 to 19 both inclusive of plaintiff's amended petition which attacked the validity of the whole probate proceedings; the exceptions specifically pointed out with particularity why those paragraphs of the petition were insufficient to entitle plaintiff to the relief sought by his bill of review. They also specially excepted to paragraphs 20 to 29 of the petition, which paragraphs relate to plaintiff's claim of title under the deed from his mother in 1939, because the pleadings showed the instrument was not of record when the Applegates purchased the property from the guardian, and because there were no allegations that the Applegates had actual or constructive knowledge of such conveyance when they purchased from the guardian. Subject to their exceptions they pled the general denial, and specially that the guardianship proceedings were in every way regular and valid. That they purchased without knowledge of the unrecorded instrument; that plaintiff was estopped to claim thereunder, and that they were bona fide innocent purchasers for value. Based upon their pleadings, they cross-actioned against plaintiff praying that his deed from his mother be canceled, that he take nothing and that they be quieted in their title against his claims.

Other defendants represented by different counsel made similar exceptions to plaintiff's petition. Their general and special answers were very similar to those made by defendants the Applegates except that the W. I. Cook Trust Estate claimed to own the vendor's lien note executed by the Applegates at the time they purchased the property from the guardian. These defendants also averred that the guardianship proceedings and all orders thereunder were valid in every respect. They pled estoppel, and innocent purchaser of the note for value. Their prayer was for cancellation of the purported deed from the ward to plaintiff, a declaration of the validity of the guardianship proceedings, that the vendor's lien note be declared valid and a first lien on the property and for general and special relief in law and equity.

The trial court sustained the special exceptions of defendants. Plaintiff declined to amend and the cause proceeded to trial on the cross-actions of the defendants. There being no jury demanded, the

court entered judgment against plaintiff and in favor of defendants as prayed for in the cross-action. This appeal by plaintiff followed.

■ Points of error One, Three and Four, upon which reversal is sought, are, in substance: The guardianship proceedings instituted in June 1942 and all orders made thereunder are void, and the district court erroneously upheld them, because the said Ishie Jewell Henderson (ward) had not been previously legally adjudged to be a person of unsound mind by any court of competent jurisdiction, in this or any other state or territory in the United States.

We gather from the record and plaintiff's brief that it is his contention, as expressed in the brief, "It is a prerequisite that Ishie Jewell Henderson should have been adjudged a person of unsound mind before the filing of application for guardianship, otherwise the application is void." Again in the brief it is argued: "Appellant maintains under the Acts of 47th Legislature, Chapter 541, page 867, etc., a guardianship appointment for an adult person is legally unauthorized without a verified complaint, jury trial and verdict of unsoundness of mind, and that within six months prior to filing of such application, in view of the mandatory provisions under Article 4113 Sect. 3, Art. 4116, Sect. 1, Art. 4117, Art. 4123 Sect. 5, and Art. 4272, otherwise the same is void in a direct attack by Bill of Review as in this instance."

Our statutes provide for the appointment of guardians for wards, among whom are minors, persons of unsound mind, habitual drunkards and persons for whom it is necessary to appoint a guardian to receive funds from the State and/or Federal government. Article 4123, Vernon's Ann. Civ.St., the cited article under Title 69, Sections 1 to 11, V.A.C.S., embraces the conditions and requisites of such appointments. Article 4267 et seq., V.A.C.S., Title 69, Chapter 12, also provides for the appointment of guardians of persons of unsound mind. Under provisions of Article 4267, supra, upon verified information, the county judge shall issue a warrant for the person charged with being of unsound mind and have him brought before the court, where a trial is had before a jury, and if such person is found by the jury to be of unsound mind as charged, under Article 4272 (Title 69, Chapter 12) the court shall upon application filed within six months thereafter appoint a guardian of his or her person and estate after issuance and service of notice as required by Articles 4114 and 4115, Revised Civil Statutes, Vernon's Ann.Civ.St. arts. 4114, 4115. We have yet another provision of the law for the apprehension and trial of persons charged with lunacy, in which the questions of restraint and commitment to institutions for treatment are involved. Article 5550 et seq., V.A.C.S. Title 92. No guardianship is provided for under these articles but we mention them because plaintiff has cited and quoted from them in his brief, to show one manner of determining if a person is of unsound mind.

The guardianship proceedings here involved were instituted under the provisions of Article 4123, V.A.C.S., Title 69, Chapter 3, and the court's action was taken thereunder. There we find under sect. 4 this provision: "All issues herein shall be determined by the Court on hearing, unless a jury is demanded; but it shall not be a prerequisite to such appointment (of a guardian) that there has been a jury trial, verdict and judgment that the person is of unsound mind * * * nor is such person required to be present at the trial." By Acts of 47th Legislature, 1941, Sect. 5 was added to Art. 4123, effective when this action arose. By the amendment a similar provision is there found to that above pointed out under Article 4267 et seq., Title 69, Chapter 12. But Article 4123, V.A.C.S. as amended, concludes with this paragraph: "The remedy herein provided is cumulative of that provided in Chapter 12 hereof (Arts. 4267 et seq.) for the guardianship of persons of unsound mind * * * and may be resorted to without invoking the latter remedy."

We have not been cited to any case construing the statutes above pointed out since the effective date of the amendments. We have been unable to find any by an independent search. With the exception of Section 5 above referred to by us and section

552

6, Vernon's Ann.Civ.St. art. 4123a, not applicable to this case, Article 4123, supra, has been effective since 1927.

In Bearden v. Texas Co., Tex.Com. App., 60 S.W.2d 1031, a construction of Art. 4123 as it then stood was before the court. It was there contended by one contesting the validity of the guardianship of a person of unsound mind that such an appointment without a jury trial on the issue of insanity was void. Substantially the same contention is made here by the plaintiff. The court held in the cited case, that where service and notice is had on the person alleged to be non compos mentis as provided under Article 4123 supra, "A guardian appointed without an actual jury trial is legal and valid." Court further observed that if a jury had been demanded it would have been error to refuse the request. Court also took cognizance of the provision of Art. 4123 which did not make it exclusive but cumulative of the provisions of Chapter 12 of Title 69 (Article 4267 et seq.)

There is no reason known to us why the construction shown in the Bearden case, supra, is not applicable to and controlling in the points under consideration here.

Point of error No. 2 relied upon by plaintiff is in substance: That the judgment of the probate court appointing the guardian was at least voidable if not void for the reason Ishie Jewell Henderson being a defendant in a show cause why she should not be adjudged of unsound mind, the county Judge failed and neglected to appoint a guardian ad litem for her.

Plaintiff relies upon Rule 173, Texas Rules of Civil Procedure, to sustain the point. The cited rule is a substantial copy of Article 2159, repealed by the promulgation of the rule. The Rule provides that when a minor, lunatic, idiot or non compos mentis may be a defendant to a suit and has no guardian within the state, the court shall appoint a guardian ad litem for such person. The Rule has no application to any class of persons except when they are defendants in a suit. Duke v. Wheeler 28 Tex.Civ.App. 391, 67 S.W. 439; Wallis v. Stuart, 92 Tex. 568, 50 S.W. 567.

A defendant, as that term is used in the Rule, supra, is one who is sued and called upon to make satisfaction for a wrong complained of by another, commonly called a plaintiff. Accousi v. G. A. Stowers Furniture Co., Tex.Civ.App., 83 S.W. 1104. The word "defendant" as used in legal controversies implies an attitude of defense; such person need only stand and repel the assaults of his adversary. Latta v. Wiley, Tex.Civ.App., 92 S.W. 433, writ refused. An application for guardianship of another is not a demand for performance by the latter of anything, nor does the applicant seek redress against him. The one for whom guardianship is sought is not called upon to defend against anything asserted by the applicant. The application for guardianship is not against the person named, but is for the use and benefit of his or her person and estate. For these reasons he or she is not a defendant within the meaning of the cited Rule. We know of no law in this state authorizing the appointment of a guardian ad litem in matters of a purely probate nature.

Since Rule 173, T.R.C.P., is the only provision of our law authorizing the appointment of guardians ad litem and then only for a defendant when he is one of a class named therein, such rule does not apply to purely probate proceedings not falling within one of the exceptions enumerated in Rule 2, T.R.C.P.

For all the reasons herein set out we overrule the Points of Error presented and affirm the judgment of the trial court. Affirmed.