Maudy Laudine Collier **KING et al.,**
Relators,
v.
Elmo **PAYNE**, Respondent.

Court of Civil Appeals of Texas.
Amarillo.
Feb. 6, 1956.

William E. Naler and Clyde W. Woody, Houston, for relators.

No appearance for respondent.

MARTIN, Justice.

Cecil Collier was accidentally killed while driving a truck for Keystone-Fleming Transport, Inc. Maudy Laudine Collier King, as surviving wife of Cecil Collier and as next friend for their minor children, Earline Kaye Collier and Cecil Faye Collier, filed suit against Keystone-Fleming

Transport, Inc. seeking to recover damages for the death of Cecil Collier. The trial court instructed the jury in the cause to return a verdict for the defendant and entered a final judgment for Keystone-Fleming Transport, Inc. on the 26th day of November, 1955. The judgment reveals that Clyde W. Woody, a practicing attorney, was appointed by the court to represent the interests of said minor children of Maudy Laudine Collier King and Cecil Collier. In seeking to appeal from this judgment, Maudy Laudine Collier King filed an affidavit of inability to pay costs in lieu of a cost bond. This affidavit was filed in the trial court on November 29, 1955. On December 1, 1955, Keystone-Fleming Transport, Inc. filed a contest of such affidavit of inability to pay costs of appeal. The transcript does not contain a finding of the trial court certifying to the right of appeal under such affidavit. On January 13, 1956, Maudy Laudine Collier King et al. filed an appeal bond in the cause which was approved by the District Clerk on the 13th day of January, 1956.

On January 21, 1956, Maudy Laudine Collier King and Clyde W. Woody presented a record in the above cause to Elmo Payne, Clerk of the Court of Civil Appeals and requested that same be filed. Upon the facts above detailed, Elmo Payne, respondent herein, refused to file the record of appeal in this Court. Thereafter, a motion for leave to file a petition for writ of mandamus, accompanied by a petition for a writ of mandamus, was presented to this Court wherein Maudy Laudine Collier King, individually, and Clyde W. Woody, as asserted guardian ad litem for Earline Kaye Collier and Cecil Faye Collier, seek to compel by writ of mandamus the filing of the record of appeal in this Court.

■ The motion, petition for writ of mandamus and record have been examined as to the asserted right of relators to compel the Clerk of this Court to file the record on appeal. On the issue of filing of the affidavit of inability to pay costs of appeal and as to the filing of the appeal bond, "Either of the two methods may be used, but one or the other perfects the appeal. Each is exclusive of the other." De Miller v. Yzaguirre, Tex.Civ.App., 143 S.W.2d 425, 427 [2–5], writ refused; Brandon v. Tartt, Tex.Civ.App., 220 S.W.2d 672, Syl. 2. In this cause neither the affidavit nor the bond perfected the appeal under the following principles of law. The filing of the affidavit in lieu of a cost bond did not establish the right of appeal upon the filing of the contest of such affidavit. Rule 355(c) Vernon's Annotated Texas Rules; De Miller v. Yzaguirre, supra, Syl. 2–5–6–7. Since the record does not contain a finding by the trial court certifying to the right of appeal under the affidavit, such affidavit of inability to pay costs did not perfect an appeal of the cause. De Miller v. Yzaguirre, supra, Syl. 6. Nor did the filing of an appeal bond on January 13, 1956, 48 days after the rendition of final judgment in the cause, perfect such appeal. Rule 356, Vernon's Annotated Texas Rules; De Miller v. Yzaguirre, supra, Syl. 7; Brandon v. Tartt, supra, Syl. 5; Bruce v. San Antonio Music Co., Tex.Civ.App., 165 S.W.2d 243, Syl. 6, writ refused.

■ There is no merit to relators' contention that Clyde W. Woody was entitled to appeal without bond or affidavit as the guardian ad litem for the minor plaintiffs, Earline Kaye Collier and Cecil Faye Collier. Such minors are plaintiffs in the suit as filed for them by their mother as next friend. There is no showing in the record of any adverse interest between the mother and her children and no appointment of a guardian ad litem was required or authorized by law. Rule 173, Vernon's Annotated Texas Rules; Britt v. Luce, Tex.Civ.App., 114 S.W.2d 267, Syl. 1–2. The record further discloses that such minors appear only as plaintiffs in the cause. "But the law only authorizes the appointment of a guardian ad litem for a minor when defendant in a suit. * * * Minors may prosecute a suit by next friend, but there is no provision of the statute authorizing the next friend to appeal without bond." Duke v. Wheeler, 28 Tex.Civ.App. 391, 67 S.W. 439. "Plaintiff relies upon Rule 173, Texas Rules of Civil Procedure, * * *. The Rule

has no application to any class of persons except when they are defendants in a suit. Duke v. Wheeler, 28 Tex.Civ.App. 391, 67 S.W. 439; Wallis v. Stuart, 92 Tex. 568, 50 S.W. 567." Henderson v. Applegate, Tex.Civ.App., 203 S.W.2d 548, 552 [3].

Relators wholly failed to perfect an appeal by either affidavit of inability to pay costs or by an appeal bond and have not brought themselves within the rule permitting an appeal without bond by a guardian ad litem. Elmo Payne, Clerk of this Court, correctly refused to file the record on appeal. The Motion for Leave to File Petition for Writ of Mandamus is in all things denied.