Ethel **ATKINS** et al., Appellants,

v.

Mack **NEEDHAM** et al., Appellees.

No. 15460.

Court of Civil Appeals of Texas.

Dallas.

Feb. 6, 1959.

Rehearing Denied March 6, 1959.

O'Connor & Douglass and W. H. Hall, Dallas, for appellants.

Esir Tobolowsky and E. D. Hurt, Dallas, for appellees.

DIXON, Chief Justice.

This suit was originally filed November 3, 1954, in the name of Commo Atkins, by Ethel Atkins, his wife, as next friend, against A. R. Atkins and Jessie Bell Atkins, husband and wife, and Mack Needham. Commo Atkins was the brother of A. R. Atkins.

Commo Atkins died while the suit was pending and Ethel Atkins and Juanell Bar-

ber, joined by her husband, E. L. Barber, were substituted as parties plaintiff. Juanell Barber is the daughter of Commo Atkins and Ethel Atkins. The plaintiffs in the trial court are appellants here.

In a pleading filed December 6, 1957 denominated a Third Amended Petition, which was really a Fourth Amended Petition, appellants allege that they are the sole surviving heirs of Commo Atkins, deceased; that on August 4, 1954 Commo Atkins executed warranty deeds conveying two tracts of land, one to A. R. Atkins, and the other to Mack Needham; that at the time Commo Atkins was of unsound mind, of which fact appellees were well aware; and that Commo Atkins was induced by appellees to execute said deeds without consideration and as a result of fraud, coercion, and undue influence. Appellants asked judgment for debt and damage for the rental value of the properties during the time appellants have been denied possession thereof, for cancellation of the two deeds, and for general relief.

Meantime appellees, in separate pleadings filed January 7, 1955, answered with pleas of general denial and not guilty; and filed cross-actions in the nature of trespass to try title and suits for removal of cloud from title.

After a trial to a jury, the court, upon motion of appellees, withdrew the case from the jury and on December 10, 1957 rendered judgment that appellants take nothing by their suit, but that A. R. Atkins and wife, Jessie Bell Atkins and Mack Needham, on their cross actions recover title and possession of the respective tracts of land, and that cloud be removed from their titles.

The material facts are undisputed. On April 2, 1954 Commo Atkins was furloughed from Terrell State Hospital where he had been a patient for some time because of mental illness. On April 26, 1954, upon affidavit and recommendation of the Hospital Superintendent and upon application of Wallace B. Moore, a hearing was held in the Probate Court of Dallas County, Texas, at the conclusion of which hearing the Court found as a fact that Commo Atkins had been restored to his right mind. A judgment to that effect was duly entered.

On June 25, 1954 Commo Atkins filed suit for divorce against his wife, Ethel Atkins, and on July 26, 1954 the divorce was granted. The court found that the real property herein involved was the separate property of Commo Atkins, but encumbered it with a lien in favor of Ethel Atkins in the amount of $639.21.

On August 4, 1954 Commo Atkins deeded one part of his land to Mack Needham and the other part to A. R. Atkins and Jessie Bell Atkins, each deed reciting the consideration to be $10 and other good and valuable considerations.

On August 7, 1954 Ethel Atkins executed a receipt as follows: "To Whom It May Concern: Received of Mack Needham Six Hundred Thirty-Nine and 21/100 ($639.21) Dollars in consideration of my release by Quit Claim Deed to any interest in Como Atkins Real Estate. /s/ Mrs. Ethel Atkins (Mrs.) Mrs. Ethel Atkins. Witnesses: Lisa Hanna (Mrs. Lisa Hanna.) Larry DeBogory. Larry DeBogory."

Also on August 7, 1954, Ethel Atkins executed a quitclaim deed to Commo Atkins, "his heirs and assigns", conveying all her right title and interest in the land involved in this controversy.

On October 15, Commo Atkins executed a will which contained these recitals: "First: I hereby bequeath the sum of One Dollar ($1.00) to my daughter, Juanell Barber, feeling that I have fully discharged my obligation to her during my lifetime and considering that I owe her no further regard. Second: It is my will and desire that my brother, A. R. Atkins, shall have absolutely and in fee simple all of the remainder of my estate of every character and description, real, personal or mixed, which I may own at the time of my death,

and I hereby bequeath all of the remainder of my estate to said A. R. Atkins".

On October 25, 1954 Commo Atkins is alleged to have executed another will, which contained these recitations: "II. It is my desire and I direct that all the property real, personal or mixed that I may die seized of and possessed of, after the expense of probation of this will shall pass to my beloved daughter, Juanell Barber, III. I direct that my beloved daughter, Juanell Barber do whatever she wishes with my home at Addison, Texas—that is— she may sell or rent or do any and all things she so desires with this home which I here and now bequeath to her. Whatever furniture and furnishings that I may die possessed of I direct to pass to my beloved daughter, Juanell Barber. The lot or lots which I own in Addison I direct to pass to my daughter, Juanell".

On November 17, 1954 Commo Atkins died.

On October 15, 1956 the will of October 15, 1954 upon application of A. R. Atkins was admitted to probate. The record does not show that an appeal to the District Court from this order was ever perfected.

On June 11, 1957 the Probate Court entered a judgment denying the application of Juanell Barber and E. L. Barber to probate the will of October 25, 1954 and sustaining the contest of A. R. Atkins as to said will. The record does not show that an appeal to the District Court from this order was ever perfected.

On October 18, 1956 A. R. Atkins executed a quitclaim deed to Mack Needham conveying all his right, title and interest in certain land described in the deed. This was the same land described in the deed of August 4, 1954 from Commo Atkins to Mack Needham.

In six points of alleged error appellants say that (1) the court erred in basing a directed verdict on the orders probating the will of October 15, 1954 and refusing probate of the will of October 25, 1954

because said orders are now on appeal in the District Court; (2) Mack Needham was not an heir of Commo Atkins so cannot base his defense of title because of the orders of the Probate Court; (3) the court erred in permitting appellees to introduce into evidence the quitclaim deed from A. R. Atkins to appellee Mack Needham; (4) if the will of Commo Atkins was valid, at the time he made his will he owned no property, having already deeded it away, hence the Probate Court had no jurisdiction; and (5) fundamental error was committed by the court in withdrawing the case from the jury and rendering judgment for appellees because the evidence raised fact issues as to the sanity of Commo Atkins at the time he executed the two deeds which appellants seek to cancel.

■ It was not error for the Court to admit in evidence the quitclaim deed of August 18, 1956 from A. R. Atkins to Mack Needham. Appellants had given notice to appellees to file abstracts of title. Appellees did so. The quitclaim deed was among the instruments described by appellee Needham in his abstract of title. The instrument was properly admitted in evidence.

We see no merit in appellants' contention that an appeal is pending in the District Court from the Probate Court order. The undisputed testimony shown in this record is to the contrary. We have searched the record carefully and find no copy of any appeal bond, or pauper's affidavit as required by Rules 332, 333 and 334 Texas Rules of Civil Procedure or any record of any appeal from the probate orders pending in any District Court of Dallas County. A deputy District Clerk testified that she searched the records of the District Clerk and did not find that any suit had been filed in the District Court of Dallas County in 1956 or 1957 by any of appellants. The Deputy District Clerk's testimony is corroborated by the statements of Mr. O'Connor, appellants' attorney, made during the trial of this case on December 9, 1957 as follows:

"The Court: I want something in the record here as to what happened in the Probate Case. If it is in the 44th District Court, I want those papers introduced in evidence. If it has not been appealed from, I want that in the record.

"Mr. Tobolowsky: It never did go to the 44th.

"Mr. O'Connor: It was supposed to be there and I thought * * * I was under the impression it was up there, Your Honor, it ought to be up there.

"The Court: Now, I want that in the record. You go and get that.

"Mr. O'Connor: All right.

"The Court: What does the record show?

"Mr. Tobolowsky: It shows no case of any kind.

"The Court: Then, Mr. O'Connor will admit the case was not appealed to the 44th District Court? * * *

"Mr. O'Connor: There was an effort made, yes, but it wasn't perfected, no".

In our opinion the trial court properly sustained appellees' motion to withdraw the case from the jury and enter judgment for appellees. Since no appeal was perfected from the order of the Probate Court probating the will of October 15, 1954, and no appeal was perfected from the order denying the probate of the alleged will of October 25, 1954, both of said orders remain in full force and effect. Under the terms of the will of October 15, 1954 all of Commo Atkins property except $1.00 went to A. R. Atkins. It follows that if for any reason the deeds of August 4, 1954 to A. R. Atkins and Mack Needham were to be cancelled or declared to be nullities, title to the property described in the deeds would have passed from Commo Atkins to A. R. Atkins upon the death of Commo Atkins under the terms of the will of October 15, 1954. And thereafter Mack

Needham by virtue of the quitclaim deed of October 18, 1956 from A. R. Atkins would have acquired title to the property now claimed by him.

In other words, unless and until the two deeds of August 4, 1954 are cancelled and held for naught their effect is to vest title to the properties in dispute in A. R. Atkins and Mack Needham. But in the light of subsequent events the cancellation of the two deeds has become immaterial to the outcome of this lawsuit. For even if said deeds were to be declared nullities, as appellants would have the court do, A. R. Atkins and Mack Needham would still be entitled to judgment for title and possession of the property claimed by each of them by virtue of the will of Commo Atkins dated October 15, 1954, and the subsequent quitclaim deed from A. R. Atkins to Mack Needham.

Appellants' points on appeal are overruled.

The judgment is affirmed.

FOOTNOTE.

During oral argument of this appeal on January 16, 1959 Mr. O'Connor brandished a file which he asserted contained the court papers showing his appeal from the probate orders in question. His statement was that he had originally filed a pauper's affidavit, to which appellees filed a contest. Growing weary of the proceedings in connection with this contest Mr. O'Connor withdrew the pauper's affidavit and undertook belatedly to file an appeal bond, admittedly long after the time had elapsed for filing a bond and transcript as required by Rules 330(a) and 332.

In his reply appellees' attorney asserted that the proceedings referred to by Mr. O'Connor were not filed in the District Court until February 20, 1958, which was after the date of this trial, many months too late to perfect an appeal from either the order of October 15, 1956 probating the will in favor of A. R. Atkins, or the order

of June 11, 1957, denying probate of will in favor of Juanell Barber.

Since these matters are not of record we shall not consider them. However, it is interesting to note that it has been held that the filing of an affidavit in lieu of an appeal bond does not establish the right of an appeal to the Court of Civil Appeals if a contest of the affidavit is filed. King v. Payne, Tex.Civ.App., 287 S.W.2d 293, 294; and that delay in acting on a contest of an affidavit in lieu of a bond does not operate to extend the time for the filing of a bond. King v. Payne, Tex., 292 S.W.2d 331, 334–335.

Since the issue is not presented by this record we shall not pass on the question whether the same principle would apply to an attempted appeal from the Probate Court to the District Court.