L. H. Hugle v. Fritz Motor Company.

No. 5025.   Decided May 16, 1928.
(6 S. W., 2d Series, 84.)

*Bryan, Stone, Wade & Agerton* and *B. B. Stone, Jr.,* for appellant, cited: Rules 8 and 9 for Courts of Civil Appeals; Rev. Stats., Art. 1822; Claiborne v. Mo., K. & T. Ry. Co., 53 S. W., 837; Green v. Hewett, 118 S. W., 170; Horn v. Mo., K. & T. Ry. Co., 201 S. W., 1101; Rev. Stats., Arts. 2253, 2266; Cox v. Hightower, 47 S. W., 1049; Ostrom v. Arnold, 58 S. W., 630; Phillips v. Phillips, 203 S. W., 77.

*Kilgore, Rogers, Montgomery & Carrigan* and *Mack & Mack,* for appellee, cited: Rev. Stats., 1895, Arts. 2266, 2267; Heard v.

Pearman, 274 S. W., 270; Webster & Lucas, 296 S. W., 1089; Yoakum v. Cooper, 91 Texas, 391; Wood v. Railway, 97 S. W., 323; Graves v. Horn, 89 Texas, 77; Arbuckle v. State, 280 S. W., 324; Washington v. Haverty Furniture Co., 136 S. W., 832; Hearne v. Prendergast, 61 Texas, 627.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

Certified questions from the Court of Civil Appeals for the Second District. The certificate shows the following facts:

On February 3, 1927, the Fritz Motor Company recovered a judgment against the appellant, L. H. Hugle, in the County Court at Law No. 1 of Tarrant County. On February 5, 1927, Hugle's motion for new trial was overruled, and he gave notice of appeal. Thereafter, on the same day, the term of court terminated. On February 8, 1927, Hugle filed with the clerk of the trial court his pauper's affidavit in lieu of an appeal bond. The affidavit was made before a notary public. The transcript in the cause was filed in the Court of Civil Appeals on May 6, 1927. No proof of the appellant's inability to pay the costs of appeal, or give security therefor, was made before the trial court, or the County Judge of the county, until September 7, 1927, when the appellant, for the first time, presented to the trial court the pauper's affidavit which had been filed with the clerk on February 8, 1927. The trial court, after hearing the affidavit, endorsed its approval thereon.

On September 20, 1927, the appellee filed in the Court of Civil Appeals a motion to dismiss the appeal, on the ground, among others, that no appeal bond, or affidavit in lieu thereof as prescribed by law, had been filed in the case. On September 30, 1927, the appellant filed his reply to said motion, and attached thereto an affidavit of the trial judge, which showed the presenting, hearing and approval of the appellant's affidavit on September 7, as stated above. The Court of Civil Appeals sustained the motion to dismiss the appeal. Upon motion for rehearing that court set aside the order of dismissal and certified to the Supreme Court the following questions:

"1. Has this court jurisdiction to hear and determine the cause when proof on the pauper's affidavit was made before the trial court more than seven months after the motion for new trial had been overruled?

"2. Did this court err in dismissing the appeal for want of jurisdiction?"

Art. 2266 of the statutes provides as follows:

"Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, to do so, he shall make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the County Judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of the party stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon the court trying the case, if in session, or the County Judge of the county in which the suit is pending, shall hear evidence and determine the right of the party to his appeal."

The mere filing with the clerk of the trial court of an affidavit, taken before a notary public, is not a compliance with the provisions of this statute; and such filing does not give the appellate court jurisdiction of the cause sought to be appealed. Wooldridge v. Roller, 52 Texas, 451; Hearne v. Prendergast, 61 Texas, 627; Graves v. Horn, 89 Texas, 77, 33 S. W., 322.

Action by a trial court in hearing an appellant's or a plaintiff in error's proof under this statute, is unauthorized unless that action be properly invoked by such appellant or plaintiff in error prior to the expiration of the period of time allowed by law for the filing of his appeal bond, or writ of error bond, as the case may be. See R. S., Arts. 2253, 2255, 2258, 2265 and 2267. The mere filing of an affidavit with the clerk does not have effect to invoke such action. Nothing appears to the contrary of this rule in the cases of Cox v. Hightower, 19 Texas Civ. App., 536, 47 S. W., 1048, and Ostrom v. Arnold, 24 Texas Civ. App., 192, 58 S. W., 630, cited in the certificate.

In this case, no action of the trial court on the appellant's affidavit was sought until, by lapse of time, the court had lost jurisdiction to hear same. The acts of the trial court with respect to the affidavit are void; hence they cannot furnish a basis upon which the jurisdiction of the Court of Civil Appeals may be founded.

For the reasons stated, the Court of Civil Appeals did not acquire jurisdiction of this cause, and did not err in dismissing the appeal. We recommend that the certified questions be so answered.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. Cureton, Chief Justice.