### WILLIAMS v. KEYSTONE MILLS CO. (No. 1817.)

Court of Civil Appeals of Texas. Beaumont. Feb. 12, 1929.

Foster & Williams, of Conroe, for appellee.

HIGHTOWER, C. J. On December 17, 1928, appellee in this cause filed a motion to dismiss the appeal for want of prosecution. On January 9, 1929 (the present term), we inadvertently overruled this motion, which should have been granted. The record shows that appellant has never filed any brief in this court, nor is there any statement of facts with the record, nor has fundamental error been suggested by appellant or discovered by us. In this state of the record we are authorized to dismiss this appeal for want of prosecution.

Therefore, our order heretofore made at the present term overruling appellee's motion to dismiss this appeal is now set aside of our own motion, and it is now our order that appellee's motion to dismiss this appeal be granted, and the appeal is ordered dismissed.

### LOWE v. HARRIGAN. (No. 2278.)

Court of Civil Appeals of Texas. El Paso. Jan. 31, 1929.

Rehearing Denied Feb. 21, 1929.

Raymond D. Wier, of San Antonio, and Walter Stout, of Pearsall, for appellant.

Denman, Franklin & Denman, of San Antonio, for appellee.

HIGGINS, J. This appeal is attempted to be perfected by an affidavit in forma pauperis in lieu of bond. The affidavit was made before a notary public and filed with the clerk.

The record fails to show presentation of the affidavit to, and action thereon by, the county judge of the county of appellant's residence, or the court trying the case. The making of the affidavit before a notary public, and simply filing same with the clerk of the trial court, was insufficient to give the appellate court jurisdiction. Hugle v. Fritz Motor Co. (Tex. Com. App.) 6 S.W.(2d) 84, and cases there cited.

The motion of appellee to dismiss is sustained.

Appeal dismissed.