## COX v. TEXAS ELECTRIC RY.*

### No. 3902.

Court of Civil Appeals of Texas. Texarkana. Nov. 13, 1930.

Rehearing Denied Nov. 20, 1930.

S. R. Graves, of Fort Worth, for appellant.

Head, Dillard, Maxey-Freeman, McReynolds & Hay, of Sherman, for appellee.

HODGES, J.

This suit was filed by Mrs. T. E. Vale, as next friend for T. B. Cox, to set aside a judgment theretofore rendered in favor of the defendant, appellee here, and to recover damages for personal injuries. The case came on for trial October 23, 1929. At the conclusion of the testimony a peremptory instruction was given by the court in favor of the defendant, and a final judgment for defendant was rendered. The record shows that just before the court read the peremptory instruction to the jury, the appellant, through her attorney, asked to be allowed to take a nonsuit in the case. That request was denied, and the court proceeded to read the charge and thereafter to render the judgment.

The only question presented in this appeal is, Did the court err in refusing to permit the appellant to take a nonsuit at the time the request was made? Article 2182, R. C. S., provides: "At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced."

The bill of exceptions shows that after the testimony had closed, and, before the court read the peremptory instruction to the jury, the attorney for the appellant arose and requested that he be permitted to take a nonsuit. That request was refused, upon the ground that it came too late.

It clearly appears that appellant's attorney made the request for a nonsuit within the time required by the statute above quoted. Kidd v. McCracken, 105 Tex. 383, 150 S.W. 885; Wood v. Moers (Tex. Civ. App.) 289 S. W. 1017; McAlister v. Harvey (Tex. Civ. App.) 286 S.W. 548.

This appeal is prosecuted on an affidavit in lieu of an appeal bond. Counsel for appellee have filed a motion to dismiss the appeal because proof was not made in the trial court of the appellant's inability to pay the cost or to give security therefor, as required by article 2266, of R. C. S. That identical question was presented in the case of Cox v. Gafford, District Clerk (Tex. Civ. App.) 26 S.W. (2d) 412. It appears that after the trial the district clerk refused to make out and certify the transcript because of the insufficiency of the proof of inability to make an appeal bond. An application was then filed by the appellant in the Court of Civil Appeals at Dallas for a mandamus compelling the district clerk to make out and certify the transcript. In that controversy the issue as to the legal sufficiency of the proof in this case was contested and was determined adversely to the appellee's contention in an opinion written by Justice Looney.

*Writ of error granted.

We think it unnecessary to add anything to what is there said on the subject. For the reasons stated in that opinion, the motion to dismiss the appeal is overruled.

The judgment of the trial court will therefore be reversed and judgment here entered in favor of the appellant, granting the motion to take a nonsuit. The costs of this appeal will be taxed against the appellee.