## TEXAS ELECTRIC RY. v. COX.

### No. 1337—5871.

Commission of Appeals of Texas, Section B.
May 16, 1932.

Head, Dillard, Maxey-Freeman, McReynolds & Hay, of Sherman, for plaintiff in error.

S. R. Graves, of Fort Worth, for defendant in error.

### LEDDY, J.

Defendant in error brought this suit in the district court of Grayson county to set aside a judgment rendered in said court in favor of plaintiff in error and to recover damages for an alleged personal injury.

At the close of the evidence, in a jury trial, plaintiff in error filed its motion for an instructed verdict. The district judge, after hearing the same, retired to his office, and prepared a peremptory instruction, and was ready to read the same to the jury when defendant in error's counsel asked that he be permitted to take a nonsuit. This request was denied, and the jury was instructed to return a verdict in favor of plaintiff in error.

The trial court approved defendant in error's bill of exception, reserved to its action in refusing to grant the privilege of a nonsuit, with this qualification:

"At the conclusion of the evidence on the trial of the case, defendant's counsel requested the Court to give a peremptory instruction for the defendant. The Court stated that he desired to consider the matter and went to his room, and after considering the case for a short time he dictated to the court reporter a peremptory instruction for defendant, and then returned to the court room and resumed the bench and directed the jury to take their seats in the jury box, which they did.

"Plaintiff's counsel were seated a short distance from the Court and were looking at the court, who at the time held in his hand the peremptory instruction folded. When the jury became seated, the Court unfolded the charge, which plaintiff's counsel could see was a single sheet of paper, and just as the Court started to read the charge to the jury, one of plaintiff's counsel arose from his seat and moved, or requested that plaintiff be permitted to take a non-suit. While the Court had not, after returning to the bench, announced from the bench that he would give the peremptory instruction, it was apparent to plaintiff's counsel that this was what the Court was in the act of doing when the request, or motion, of plaintiff for permission to take a non-suit was presented."

We think the trial court erred in instructing the jury to return a verdict in favor of plaintiff in error. Defendant in error's request for a nonsuit should have been granted. The privilege of taking a nonsuit by a plaintiff is controlled by the provisions of article 2182, R. S. 1925, which reads as follows: "At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced."

This statute confers the privilege upon a plaintiff in a jury trial to take a nonsuit at any time before the jury has retired. Where the defendant moves for a peremptory instruction, the plaintiff's right to a nonsuit is controlled by that portion of the statute applicable to cases tried before the court without the intervention of a jury. Under such circumstances, the request for a nonsuit is timely if made before the judge has in open court announced his ruling granting such motion. Adams v. St. Louis Southwestern R. Co. (Tex. Civ. App.) 137 S. W. 437; Wood v. Moers (Tex. Civ. App.) 289 S. W. 1017.

It is evident that the trial judge refused the request for a nonsuit because of the belief that defendant in error's counsel knew he was preparing to deliver to the jury a peremptory charge to return a verdict in favor of the plaintiff in error. The statutory privilege of taking a nonsuit cannot be denied a plaintiff upon the suspicion or surmise that his counsel has correctly divined the intention of the trial court to give a peremp-

tory instruction against him. Such a construction of the statute would lead to confusion and render uncertain and precarious a right based upon the compliance with terms which are clearly and plainly defined. The statute does not authorize the refusal of a plaintiff's request for a nonsuit upon the unstable ground that his counsel may have advance information as to what action the court intends to take upon a motion for an instructed verdict. It confers the privilege, in cases tried by the court without a jury, if request is made therefor at any time before such decision is announced in open court.

It appears without dispute that at the time defendant in error's counsel made the request for a nonsuit the court had not instructed the jury to return a verdict in favor of plaintiff in error or announced in open court that such a charge would be given. The request for a nonsuit was made in strict compliance with the terms of the statute; hence it should have been granted.

█ Plaintiff in error also contends that the Court of Civil Appeals erred in overruling its motion to dismiss defendant in error's appeal. The basis for this motion is that defendant in error's affidavit of inability to pay costs or give security therefor was duly contested by the district clerk and plaintiff in error.

An examination of the record discloses that defendant in error's affidavit in lieu of an appeal bond was made in the county of his residence, before the county judge, and in all things complied with the provisions of the statute. It also appears that the contest of defendant in error's affidavit, filed by the clerk and the plaintiff in error, was not a verified one. It was not called to the attention of the trial court, nor was any evidence offered in support thereof.

It has been directly held by our Supreme Court that an unverified traverse of an affidavit of inability to pay costs or give security therefor, made before the proper county judge, is insufficient to require the person seeking an appeal to make further proof of his inability to pay costs or give security therefor. Currie v. Missouri, K. & T. R. Co. of Texas, 101 Tex. 482, 108 S. W. 1167.

We recommend that the judgment of the Court of Civil Appeals [32 S.W.(2d) 669] reversing and rendering the judgment of the district court be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals, reversing that of the district court, is affirmed, as recommended by the Commission of Appeals.