## BARRERA v. McCORMICK et al.

### No. 11554.

Court of Civil Appeals of Texas. San Antonio.

Oct. 25, 1933.

G. Woodson Morris and James F. Boyls, both of San Antonio, for relator.

Eskridge & Groce, Walter Groce, and Templeton, Brooks, Napier & Brown, all of San Antonio, for respondents.

MURRAY, Justice.

This is an application for a writ of mandamus, in which the relator, G. T. Barrera, asks this court to issue a writ of mandamus requiring Hon. Hart McCormick, as district clerk of Bexar county, to prepare and furnish to him a proper transcript in cause No. B—61,208, styled Lillian Barrera et al. v. Wing Chong Co., No. One, et al., and also requiring Hon. Henry L. Gazley, as court reporter of the Fifty-Seventh district court of Bexar county, to prepare and furnish to him a narrative transcript of the evidence in said cause.

From the application we are informed that judgment in this cause was rendered November 10, 1932; the amended motion for a new trial was overruled June 20, 1933; an affidavit of inability to pay costs was filed June 23, 1933; on August 3, 1933, the trial judge refused to order the clerk and court reporter to furnish relator with a transcript and statement of facts; on August 23, 1933, relator filed this his application for a writ of mandamus in this court.

■ When affidavit of inability to pay costs was filed in the court below and remained on file for more than ten days without being contested, plaintiffs below had properly perfected their appeal. Haines v. Russell (Tex. Civ. App.) 49 S.W.(2d) 957; article 2266, Vernon's Ann. Civ. Statutes, Acts 1931, 42d Leg. p. 226, c. 134.

■ The appeal having thus been perfected, it follows necessarily that jurisdiction of the whole case rested in this court, and the trial judge had no jurisdiction to try a contest of this affidavit undertaken after the appeal was perfected. Haines v. Russell, supra.

■ Relator having perfected his appeal in forma pauperis, it became the duty of the clerk to make up and furnish to him a proper transcript of the case. Article 2266, Vernon's Ann. Civ. St.; Cox v. Gafford, District Clerk (Tex. Civ. App.) 26 S.W.(2d) 412; Cox v. Texas Electric Ry. (Tex. Civ. App.) 32 S.W. (2d) 669; Id. (Tex. Com. App.) 49 S.W.(2d) 725; Murray v. Robuck, County Clerk (Tex. Civ. App.) 89 S. W. 781; Boone v. McBee (Tex. Civ. App.) 280 S. W. 295.

■ Likewise it became the duty of the official court reporter to prepare and furnish to relator a narrative form statement of facts. Article 2278a, Vernon's Ann. Civ. St.

However, the relator herein has not been diligent. The law requires that the statement of facts be filed in the lower court within fifty days from the order overruling the motion for a new trial. It is further provided that the trial judge may, upon application of the party appealing, for good cause shown, extend this time, but the time shall not be extended in any case so as to delay the filing thereof beyond the time for filing the transcript in the Court of Civil Appeals. Article 2246, Vernon's Ann. Civ. St., Acts 1931, 42d Leg. p. 100, c. 67.

The time for filing the transcript in the Court of Civil Appeals is fixed at sixty days from the order overruling the motion for a new trial. Article 1839, Vernon's Ann. Civ. St., Acts 1933, 43d Leg. Senate Bill No. 57, c. 67. This time may be extended for good cause shown upon application of the party appealing.

Relator does not show in his application. and therefore we take it that he did not apply to the trial judge for an extension of time within which to file the statement of facts in the trial court. This application for mandamus was filed on the sixty-fourth day after the order overruling the motion for a new trial, and long after relator's time had expired for the filing of a statement of facts in the lower court.

■ Relator asks this court to grant a mandamus ordering the trial judge, Hon. R. B. Minor, to enter an order extending his time for filing in the lower court. This could only be granted upon the theory that the trial judge had abused his discretion in refusing to extend the time. No abuse of discretion being shown, this request will be refused. Rankin v. Nash Texas Co. (Tex. Civ. App.) 58 S.W.(2d) 902, 904.

■ If relator was now furnished with a statement of facts, he would not be permitted to file it, and it would be useless to him. The court will not order the doing of a useless thing. West v. Luttrell (Tex. Civ. App.) 35

S.W.(2d) 744; *Holcombe v. Fowler,* 118 Tex. 42, 9 S.W.(2d) 1028.

In the absence of a statement of facts, relator's appeal would avail him nothing, unless there was error apparent on the face of the record. Relator makes no such contention in his sworn application for mandamus.

Great certainty is required in applications for mandamus, and relator should show in his sworn application that the issuing of the writ of mandamus will serve some useful purpose and not be unavailing.

For the reasons above stated, the application for a writ of mandamus will be refused.