## RICHARDSON et al. v. MILLS, District Clerk, et al.

## No. 10315.

Court of Civil Appeals of Texas. Galveston.
June 4, 1935.

Rehearing Denied June 27, 1935.

Ewing Werlein and Grady C. Fuller, both of Houston, for relators.

Stewart & DeLange, Albert J. De Lange, and Wm. M. Nathan, all of Houston, for respondents.

LANE, Justice.

It is made to appear to this court by the application for a writ of mandamus filed here by Mrs. E. W. Richardson and husband, S. A. Richardson, that said parties were the plaintiffs in cause No. 214722 in the district court of Harris county presided over by Judge Ewing Boyd, and that said cause was tried in that court and judgment rendered adversely to the plaintiffs. After the rendition of such judgment, plaintiffs gave notice of appeal and sought to perfect their appeal to this court by filing in such district court the statutory affidavit of inability to pay costs of any part thereof or to give security therefor. The plaintiffs did not pay, nor tender, any part of the costs of fees for the preparation of the transcript or the statement of facts, nor did they file any cost bond or appeal bond, but filed only the affidavit above mentioned. Such affidavit was filed on the 25th day of January, 1935, and it was contested by a contest filed on the 29th day of January, 1935.

In relators' petition for mandamus it is recited that the judgment in cause No. 214722 was entered on the 10th day of December, 1934; that on January 25, 1935, an affidavit in lieu of appeal bond alleging all of the things required by law and article 2266, R. S. 1925, as amended by Acts 1931, c. 134, § 1 (Vernon's Ann. Civ. St. art. 2266), and duly sworn to by relators, and by each of them, was filed with the clerk of the trial court; that within the ten days allowed by law for contesting said affidavit in lieu of appeal bond such affidavit was not contested by anything entitled to any probative force whatsoever, and each and all persons entitled to contest such affidavit wholly and completely failed to contest same within ten days by any kind or manner of a sworn affidavit or traverse or by any sworn evidence or testimony, and that by reason of the affidavit not being properly contested within the time allowed by law for such contest, relators' appeal in said cause was perfected on February 5, 1935; that an unverified traverse alleging that relators were able to give security for costs was filed in said cause, but that same, on February 9, 1935, had not been sworn to or verified and no testimony or evidence had been received concerning same; that on February 9, 1935, Grady C. Fuller, attorney for relators, requested J. W. Mills, who was and still is the district clerk of Harris county, Tex., in writing to have prepared and furnished to him or to relators a complete transcript of the record in said cause, and on the same date requested the Honorable G. C. Simmons, the official court

stenographer, who was and still is a duly appointed official court stenographer, and who recorded the testimony and other proceedings at the trial of such cause, in writing, to prepare a complete statement of facts of the testimony and other proceedings at such trial, and to furnish same to relators and filed same as required by law, but said clerk and said reporter failed and refused to furnish same and stated they would not furnish same until ordered to do so by said Ewing Boyd, and they continue to fail and refuse to do so after repeated requests by counsel for relators; that on information and belief it is alleged that Ewing Boyd will not order the above-mentioned clerk, J. W. Mills, and reporter, G. C. Simmons, to prepare such transcript and statement of facts, respectively, as required by law, and that unless this court issues its writ of mandamus ordering and requiring the Honorable Ewing Boyd, judge of the Fifty-fifth judicial district court of Harris county, Tex., to order said clerk to prepare such transcript and to order said reporter to prepare such statement of facts, or, in the alternative, that this court order said clerk and said reporter to prepare same immediately and furnish same to relators, that the same will not be furnished within the time required by law to enable relators to perfect their appeal, or within the additional time that has been granted by the trial court and which may be granted by this court for filing such transcript, statement of facts, bills of exceptions, assignments of error, briefs in support thereof, etc.

Relators' prayer, addressed to this court, is for the issuance of a writ of mandamus ordering Judge Ewing Boyd to order the clerk of the trial court to immediately prepare, or have prepared, and furnish to relators or their attorneys a complete transcript of the proceedings in the trial court of cause No. 214722 as may be required by law to perfect an appeal on the aforesaid affidavit, filed in lieu of an appeal bond, and that he be directed to order the court reporter to prepare a complete statement of facts adduced upon the trial of such cause No. 214722, and that he furnish relators or their attorneys with such statement of facts.

In his original answer, referred to in his amended answer, Judge Boyd made the following statement:

"The plaintiffs in the court below, appellants, have not paid nor tendered any of the costs or fees for preparing the transcript or statement of facts. The plaintiffs did not file any cost bond nor any appeal bond. Plaintiffs filed affidavit that they were unable to pay costs, same having been filed on the 25th day of January, 1935. This affidavit was contested by contest filed on the 29th day of January, 1935. Same was originally set for hearing on the 9th day of February, 1935, at which time the defendant appeared and announced ready, and the plaintiffs, by their attorneys, requested that the hearing be postponed to permit evidence to be secured by the plaintiffs. On this request the hearing was postponed until the 16th day of February, 1935. At that time, on such hearing, the plaintiffs objected that the contest, duly filed in time, as above stated, had not, been sworn to originally or within the original ten (10) days. Same was sworn to and had been sworn to at the time of such hearing and the jurat of the officer bears date of January 29, 1935."

The parts of Judge Boyd's amended answer pertinent to the issue here involved are as follows:

"Some of relators' statements with reference to the contest of pauper's oath may be construed to mean that there was no contest whatever filed within ten days after the pauper's oath was filed. If such statements are to be so construed, then same are denied as the contest was filed and presented to me on January 29, 1935, this being within four days of filing of pauper's oath, which occurred on January 25, 1935. On January 29, 1935, I endorsed on said contest the memorandum 'The foregoing contest of pauper's oath is set for hearing at 9:00 o'clock A. M., February 9, 1935, in the 55th Judicial District Court. Let notice issue. (Signed) Ewing Boyd, Judge.'

"Notice was issued on the same day, January 29, 1935, on this contest and served on Ewing Werlein, one of the attorneys for relators, on the ———— day of January, 1935. On February 9, 1935, the date of the intended hearing, the defendant, James H. Edmonds, and his attorneys, Wm. M. Nathan and Albert J. De-Lange, appeared in court and announced ready on the contest. At the same time Mr. Grady Fuller, attorney for plaintiffs, Mrs. E. W. Richardson and S. A. Richardson, appeared in open court and announced that he was not ready and requested additional time. Whereupon I granted said request and endorsed on the contest in my handwriting the following notation:

" 'February 9th, 1935. Plaintiffs not ready. At their request Reset for Feby. 16th, without prejudice to either party.'

"On February 16th, the defendant, James H. Edmonds, and his attorneys again appeared and announced ready, and the plaintiffs' attorney, Grady Fuller, appeared in court, and, as I recollect, stated that he had information that one of the plaintiffs was ill with the flu. The defendant had present a witness from Dallas and in any event I announced that the hearing would proceed and that the evidence in behalf of defendant,. contesting the pauper's affidavit, would be heard on that day and that the plaintiffs' attorney would be given reasonable additional time if he so desired to procure further evidence. Defendant's counsel did not object to this, but affirmatively expressed a willingness to afford plaintiffs' attorney every opportunity to be heard. The hearing of evidence proceeded on said day, but was not completed on that day and was continued to Monday, February 18th. At that time, I had on my trial calendar some motions and other routine matters, which items would consume a few minutes. I announced that I would first dispose of such matters, but expressly requested and directed counsel in this case to remain in the court room that the hearing could promptly proceed. This announcement was clearly made by me as a great deal of time had been unnecessarily consumed during the trial of the case on account of tardiness of relators' counsel. When the other matters were completed, I resumed the hearing on this pauper's oath and contest. Mr. Grady Fuller, counsel for plaintiffs, relators in the Court of Civil Appeals, was not in court, the deputy sheriff in attendance on the court could not find such counsel, and I instructed counsel for defendant, James H. Edmonds, to proceed. A few minutes later Grady Fuller, counsel for relators, appeared in court. During the course of the hearing, attorney for relators contended that the contest filed had not actually been sworn to, when filed, and contended that said contest had not been sworn to before February 5th (that is, within ten days of filing of pauper's oath), though bearing regular jurat and certificate showing that same had been sworn to on January 29, 1935. To eliminate any question, the attorneys for contestant in open court stated the willingness of affiant to swear again to same and requested permission to permit amendment of the contest and to permit it to be again sworn to. I verbally granted this request, but as the attorney for relators. contended that said contest could not be amended and requested time to submit authorities to the court, the physical act or re-execution and the fixing of new jurat was not permitted at that time. As stated in paragraph 6 of answer originally filed by me herein, I was awaiting additional authorities from relator's counsel when original motion for mandamus was filed with the Honorable Court of Civil Appeals. As stated in original answer, I entered order refusing appeal in forma pauperis and sustaining the contest. As permitted by me, said contest was again sworn to and a new jurat affixed. I do not consider it necessary to make separate order overruling the objections presented by plaintiffs' counsel, which objections he designated a 'plea to the jurisdiction'. In effect, this plea is only an answer to the contest and is necessarily overruled by order sustaining the contest. If any additional or formal order is deemed necessary, it will be entered.

"I am not awaiting any brief from defendant's counsel, as the authorities and argument presented to me before the entry of any order above referred to fully convinced me of propriety of said order. The only delay was occasioned by statement of counsel for plaintiffs that he had additional authorities, but same were were never presented. * * *

"This respondent respectfully presents that his duty has been properly discharged.

"Wherefore, said respondent prays that mandamus be refused."

All respondents have filed answers in this court, but we deem it unnecessary to refer to such answers in view of the disposition we shall make of relators' petition for mandamus.

The controlling question for our determination is, Did relators perfect their appeal to this court by the mere filing of their affidavit in lieu of an appeal bond, which affidavit was in statutory form, notwithstanding the contest filed by respondents? If they did so perfect their appeal, the writ of mandamus prayed for should be granted; on the other hand, however, if they did not so perfect their appeal, the writ prayed for should be in all things refused.

The right to appeal in forma pauperis is governed by the provisions of article 2266

of our Civil Statutes, as amended by an act of 1931, 42d Leg., c. 134, p. 226 (Vernon's Ann. Civ. St. art. 2266). The amendment referred to does not prescribe that the contest, that is, the pleading or instrument evidencing the contest, be sworn to, or prescribe any particular form therefor.

In Hugle v. Fritz Motor Co., decided by the Commission of Appeals, Sec. A, 1928, 117 Tex. 411, 6 S.W.(2d) 84; Presiding Judge Harvey rendering the opinion, the court in construing article 2266 (as it existed before the amendment of 1931) held that the mere filing with the clerk of the trial court of an affidavit, taken before a notary public, is not a compliance with the provisions of the statute, and such filing does not give the appellate court jurisdiction of the cause sought to be appealed. The court further held that action by a trial court in hearing on appellant's or a plaintiff's in error proof under this statute is unauthorized, unless the action be properly invoked by such appellant or plaintiff in error prior to the expiration of the period of time allowed by law for the filing of the appeal bond or writ of error bond as the case may be. The mere filing of an affidavit with the clerk does not have effect to invoke such action.

In the case cited, the affidavit was filed several months before the proof was made.

The opinion, on certified question, is adopted by the Supreme Court. The court cites in support of its holding the following: Graves v. Horn, 89 Tex. 77, 33 S. W. 322; Hearne v. Prendergast, 61 Tex. 627; Wooldridge v. Roller, 52 Tex. 447, 451.

As already shown, the contest was filed within ten days of the time the original pauper's oath was filed. The pauper's oath was filed January 25th, and the contest on January 29th. It bears jurat of January 29th, said jurat, certificate of officer, reciting that it was sworn to on January 29th. Notice of hearing was indorsed on this contest, and precept was issued thereon on January 29th. Certainly it had been sworn to by February 9th, when the contest was first set for hearing (but post-poned on application of relators). The contention is made that it was not sworn to prior to February 5th. It had been in the judge's hands before that time, when he set the contest for hearing. He evidently noticed no deficiency in it. When the issue was raised, contestant promptly asked leave to file amendment and to again swear to the contest. This leave was granted by the court at the conclusion of the hearing, which hearing commenced on February 16th; the new jurat was not actually affixed until later because of the hearing, and because of the fact that the court was awaiting authorities and decisions on the question of right to amend such contest.

The amendment of 1931 expressly permits the appellant to amend the pauper's oath. It shows the Legislature's intent that the defect in presenting the matter should not control, if the party, by amendment, can in fact show a situation entitling him to relief. Is it to be supposed that the Legislature would permit this right to one party and deny it to another? If the statute could be so construed, then an appellant could submit an insufficient affidavit, a contest could be filed contesting everything in the insufficient affidavit, the appellant's insufficient affidavit could then be amended setting up other and proper matters, and the respondents, appellees, could not contest the application as amended.

Any requirement that the matters presented in contest should be under oath is met by the necessity that the contestant introduced his evidence in open court under the sanctity of an oath. This was done in the case at bar, and the evidence held sufficient by the trial court to sustain the contest.

Under our rules of pleading, practically every verified plea may be amended under leave of court; and so far as we now recall, every defensive verified plea may be so amended. See Rev. St. 1925, art. 2001.

Having reached the conclusions above expressed, the writ prayed for is in all things refused.

Refused.