## ADAMS v. COURSON.

No. 10134.

Court of Civil Appeals of Texas. San Antonio.

Dec. 9, 1936.

H. H. Jones and Tuck Chapin, both of San Antonio, and F. C. Canfield, of Floresville, for appellant.

H. H. Schuenemann, of Kenedy, for appellee.

SMITH, Chief Justice.

Appellant sought to perfect and prosecute this appeal upon her affidavit of inability to pay the costs of appeal, or give security therefor, under the provisions of article 2266, R.S.1925, as amended by Acts 1931, c. 134, § 1 (Vernon's Ann.Civ.St. art. 2266).

Presumably upon that affidavit the proper officers of the court below prepared and delivered the transcript and statement of facts to appellant, who seasonably filed them in this court, and the cause is now pending here.

Appellee has filed motion in this court to dismiss the appeal upon the ground that the record contains no order of the trial judge, or of the county judge, authorizing the appeal upon appellant's affidavit of inability, or any certificate of said judges, or either of them, that "proper proof was made of the defendant's inability to pay costs, before said district or county judges"; that "It is not shown from the record in said transcript that such proof was made before the district judge or the county judge."

The statute providing for appeal in forma pauperis is as follows: "Where the appellant or plaintiff in error is unable to pay the costs of appeal or give security therefor, he shall, nevertheless, be entitled to prosecute an appeal by making strict proof of such inability, which shall consist of his affidavit filed with the Clerk of Court stating that he is unable to pay the costs of appeal, or any part thereof, or to give security therefor. Any Officer of Court or party to the suit, interested, may contest the affidavit, whereupon the Court trying the case, if in session, shall hear the contest; but if in vacation, the same shall be heard by either the Judge of the Court or the County Judge of the County where the suit is pending and on such hearing evidence may be introduced, the right of the party to appeal shall be determined, the finding certified to, and filed as a part of the record of the case. It will be presumed, prima facie, that the affidavit of appellant speaks the truth and unless contested within ten (10) days after being filed the presumption shall be deemed conclusive. The appeal will not be dismissed for defects or irregularities in procedure, either of form or substance, without allowing the party appealing a reasonable time, not exceeding ten (10) days after notice, to cause to be corrected or amended such defects or irregularities. (As amended Acts 1931, 42nd Leg., p. 226, ch. 134, § 1.)"

An examination of the transcript discloses that it embraces the affidavit of inability substantially in the form and of the substance required by the statute. The transcript does not embrace any other matter relating to the proceeding than the affidavit itself. It does not show any officer of the court, or party to the suit, filed or presented any contest of the affidavit, or that any hearing upon the affidavit was had, or any order made authorizing or denying appeal upon the affidavit, or that the latter was even presented to the court for allowance or rejection. Appellee now contends, in his motion, that such showing is insufficient to support the appeal which he seeks to have dismissed upon that ground. We are

**688**

of the opinion that the motion should be denied.

█ The plain effect of the statute is that, when a party desiring to appeal in forma pauperis seasonably files a proper affidavit of inability to pay or secure payment of the costs, he is entitled to his appeal in that form, unless a proper contest of the right is filed by officers of the court or some interested party, within ten days of the filing of the affidavit of inability.

█ In such case the appeal will be deemed to be perfected, and the jurisdiction of the appellate court attaches as of the date of the filing of the affidavit and may not thereafter be questioned, except, possibly, in case of fraud or some other matter not apparent of record. Turner v. Atlanta Nat. Bank (Tex.Civ.App.) 83 S.W.(2d) 454; Barrera v. McCormick (Tex.Civ.App.) 63 S.W.(2d) 1084; Rankin v. Nash-Texas Co. (Tex.Civ.App.) 58 S.W.(2d) 902.

█ On the surface, this holding may appear to be in conflict with the opinion of the Galveston Court of Civil Appeals in Richardson v. Mills, 84 S.W.(2d) 858. But that decision was based upon a decision of the Commission of Appeals, Hugle v. Motor Co., 117 Tex. 411, 6 S.W.(2d) 84, construing the statute as it existed prior to the amendment of 1931, and is not deemed applicable to appeals undertaken under the amendment. Moreover, in the Galveston case, the affidavit of inability was controverted as provided by the statute, requiring a hearing, and an order showing the ruling of the court upon the controversy. In the case at bar, according to the record, the affidavit was not controverted, wherefore, under the statute, as amended, it was conclusive, as a matter of law, and, ipso facto, entitled appellant to prosecute the appeal in forma pauperis.

█ The language of the statute, no less than the policy of the law, requires that this and similar statutes be liberally construed in support of the right of appeal. Shipp by Shipp v. McClannahan (Tex.Civ.App.) 85 S.W.(2d) 255.

██ Under that statute and policy, we hold that the filing of the affidavit of inability, within the time and in form and substance prescribed, when not controverted in the time and manner prescribed, has the effect of perfecting the appeal. The entry of an order allowing the appeal in such case is therefore a ministerial, and not discretionary, act, and its omission does not impair the perfected right of appeal or deprive this court of its jurisdiction over the cause. For, in such case, the uncontested affidavit has all the force and effect of a proper appeal bond, timely filed.

Appellee's motion to dismiss will be overruled.