**FRIER v. KROHN et al.**

No. 3055.

Court of Civil Appeals of Texas. Beaumont.

March 16, 1937.

Rehearing Denied April 14, 1937.

P. C. Del Barto, W. E. Brock, and Lane, Kilday, Maniscalco & McComb, all of Houston, and O. Etheridge, of Conroe, for appellant.

Wm. N. Bonner, Fouts, Amerman & Moore, Vinson, Elkins, Weems & Francis, J. C. Wilhoit, and Hirsch, Susman & Westheimer, all of Houston, and Pitts & Liles, of Conroe, for appellees.

COMBS, Justice.

Appellee's motion to dismiss the appeal because the appeal bond was not filed within the time required by statute, Vernon's Ann.Civ.St., art. 2253, must be sustained.

This case was tried in the special Ninth district court of Montgomery county at the January term, 1936. The terms of said court are fixed by statute at 8 weeks. Appellants are residents of Harris county, Tex. The term at which this case was tried expired February 29, 1936, an appeal bond was filed March 26, 1936, more than 20 days after the expiration of the term. And, since the term of court did not by law extend more than eight weeks, the bond was filed too late. Vernon's Ann.Civ.St. art. 2253; El Paso & N. E. Ry. Co. v. Whatley, 99 Tex. 128, 87 S.W. 819; Webster & Son v. Lucas, 117 Tex. 64, 296 S.W. 1089.

But appellant insists that appellees' motion to dismiss should be overruled because it was not filed within 30 days after the filing of the transcript in this court. See Court Rule 8. The contention is without merit. Failure to file the appeal bond within the time prescribed by the statute was not a mere "informality" in the manner of bringing the case into this court. The filing of the bond within the time required by statute was necessary to confer jurisdiction on this court, and, since the failure to file the bond within the time allowed was jurisdictional in nature, going to the very foundation of the appeal, Court Rule No. 8 has no application. El Paso & N. E. Ry. Co. v. Whatley, supra; Zarate v. Cantu (Tex.Civ.App.) 225 S.W. 285; 3 Tex.Jur. Subject, Appeal and Error, § 227, p. 331, and authorities cited; Id. § 540, p. 754, and authorities cited.

We dislike in any case to deprive a litigant of his right of review of the judgment against him through application of what may appear to be a mere technical procedural rule. But the statutory requirement limiting the time for filing appeal bond is obviously reasonable and is evidently intended to require litigants to prosecute their appeals with diligence. More than that, appellate courts are without power to disregard failure of an appellant to comply with

statutory requirements, compliance with which is essential to the court's jurisdiction. We will remark in passing that it so happens that in this particular case no different result would have followed had we been able to dispose of the case on its merits.

Appeal dismissed.