**LINGUIST v. WALKER et al.**

No. 13566.

Court of Civil Appeals of Texas. Fort Worth.

June 25, 1937.

Rehearing Denied Sept. 10, 1937.

Theo. Koenig and M. Kleberg, both of Fort Worth, for appellant.

Todd, Crowley & Thompson, of Fort Worth, for appellees.

BROWN, Justice.

Appellees, being the owners of an automobile driven by one of their employees, brought suit against appellant to recover damages done to their said automobile by appellant, who was driving a truck at the time of the collision between said vehicles.

Appellant filed a cross-action against appellees for damages done to his truck.

The case being tried to a jury, the trial court submitted only issues pertinent to appellees' cause of action against appellant and declined to submit any issues pertinent to appellant's cause of action against appellees, but announced that he would grant appellees' oral motion to give the jury a peremptory instruction against appellant on his cross-action.

The jury having returned its verdict on the answers as found, the court rendered judgment that appellees take nothing against appellant, and that appellant take nothing against appellees on his cross-action.

Appellant contends that he requested the court to give him the privilege of taking a nonsuit as to his cross-action against appellees and that the trial court was in error in refusing this request.

On this appeal appellant presents several assignments of error and several propositions, but they really come within two classes, first, that the trial court erred in refusing to permit appellant to take a nonsuit when same was requested and in precluding appellant by rendering judgment against him on his cross-action; second, that the evidence being sufficient to raise the issues on the liability of appellees to appellant on his cross-action, it was error for the court to give the peremptory instruction and to deny appellant the right to have the jury pass upon his issues.

Appellant relies on those established authorities which hold that, where the request for a nonsuit is timely made, it is manifest error on the part of the trial court to deny such request. But the record before us presents no such case.

738

Appellant strenuously contends that he made his application or request to the trial court to take the nonsuit before the court submitted the case to the jury and before the jury retired to consider the case, and before any verdict was rendered by the jury, but there is no bill of exceptions in the record disclosing any such state of facts.

■ The verdict of the jury, according to the record, was returned in open court and filed May 8, 1936, and the written motion filed by appellant, to be given the privilege of taking a nonsuit, shows to have been filed on May 15, 1936, while the judgment, which was rendered on July 3, 1936, recites that the defendant, appellant here, on May 15, 1936, filed his motion for a nonsuit, and that such motion was presented to the court and considered on July 2, 1936, and was by the court overruled on July 3, 1936. Thus it appears that the motion for a nonsuit was not timely presented and the assignments of error, based on this ruling of the court, are not well taken. But if it could be said that the request for the nonsuit was made prior to May 15, 1936, and that the contentions of appellant as reflected in his brief are correct, nevertheless we are of opinion that there was no error on the part of the trial court.

It appears that the trial court, in open court, announced that in his judgment appellees' request for a peremptory instruction against appellant on his cross-action was well taken. This was tantamount to a judgment by the trial court on this issue and phase of the case. And we are of the opinion that this case comes squarely within the principle and rule found in Wood v. Moers (Tex.Civ.App.) 289 S.W. 1017, and the case of Adams v. St. Louis S. W. Ry. Co. (Tex. Civ.App.) 137 S.W. 437.

In Texas Electric Ry. v. Cox, 49 S.W. (2d) 725, 89 A.L.R. 11, the Commission of Appeals held that, where the defendant moves for a peremptory instruction, the plaintiff's right to a nonsuit is controlled by the statute applicable to cases tried before the court without the assistance of a jury, and cited article 2182, Rev.Civ.Statutes 1925, which provides that: "When the case is tried by the judge, such nonsuit may be taken at any time before the decision is announced."

■ With reference to appellants' remaining contention that he was entitled to have submitted to the jury his requested issues covering his cross-action, even if evidence had been introduced to support such issues, we are unable to find any merit in appellant's contention because such evidence has not been brought forward by appellant in the statement of facts. Appellant has contented himself with bringing before us testimony of John Dooley, one of the appellees, and the testimony of Lee Sealcox, appellees' employee who was driving appellees' automobile, and all of this evidence and testimony can be said to raise nothing more than issues covering negligence, and there is no testimony in the statement of facts on which a jury would find any damages sustained by appellant by reason of the accident and collision.

All assignments of error are overruled, and the judgment of the trial court is affirmed.