NATIONAL LIFE & ACCIDENT INS. CO. OF NASHVILLE, TENN., v. JACK-SON.

No. 13570.

Court of Civil Appeals of Texas. Fort Worth.

June 25, 1937.

Rehearing Denied Sept. 10, 1937.

James D. Buster, of Sherman, for appellant.

Geo. M. Hopkins, of Denton, for appellee.

DUNKLIN, Chief Justice.

The National Life & Accident Insurance Company has appealed from a judgment in favor of Liddie Jackson for the death benefit stipulated in a policy of insurance issued to Cap Taylor, deceased. The policy was dated February 14, 1916, and stipulated for the payment of $99.75 as a death benefit to Hattie Arnold. The beneficiary died before the death of the insured and, therefore, the death benefit inured to the heirs of the insured. The record shows that Liddie Jackson was the sole heir of Cap Taylor, who was her son; and no administration was had upon his estate, nor was there necessity therefor.

Plaintiff's claim of the death benefit was as the sole heir of Cap Taylor. However, the policy bears an indorsement on its face, signed by the president of the company, reading: "Beneficiary changed to Liddie Jackson, March 31, 1916."

■ Under the facts stated, appellant's contention that plaintiff was without legal capacity to institute suit for her own benefit is without merit.

■ Plaintiff's testimony that she and deceased paid all dues accruing on the policy each week as they fell due until the death of the insured was not subject to the objection that it was a conclusion and founded on hearsay.

■ The question propounded to McNeely, superintendent of the life insurance company, if he did not attempt to induce plaintiff to take the policy out of the hands of her attorney and make a settlement with witness, was answered by the witness in the negative. The objection urged to the question was that it was an effort to prove an offer of compromise and therefore prejudicial. Since McNeely had testified that this policy had lapsed, we do not believe the mere propounding of this question to him, on cross-examination, for the purpose of contradiction of that testimony, shows reversible error.

■ The record shows a settlement made by defendant with plaintiff for death claims upon two policies in the name of Cap Taylor, the insured named in the policy in controversy here, but of different numbers, and on redirect examination by her counsel, plaintiff testified that deceased carried no other insurance on his life than those two policies. However, Kate Grisby, sister of plaintiff, testified that she lived next door to plaintiff and her family for a number of years, having an intimate knowledge of their affairs, and remembered that Cap Taylor carried three insurance policies with the defendant and that the premiums on all of them were paid promptly each week, and that plaintiff was the beneficiary in two and Hattie Arnold in the third. And plaintiff further testified that she and Cap Taylor kept up all payments of premiums on the policy in suit until the death of the insured.

We cannot say that the judgment of the trial court in favor of plaintiff was without

support of competent evidence on this controverted issue of fact, and therefore the court erred in refusing defendant's request for an instructed verdict in its favor. The jury had the witnesses before them and the testimony showed that plaintiff was an old, illiterate negro. Whether or not the finding of the jury on that issue was so contrary to the great preponderance of the evidence as to indicate bias or prejudice in the minds of the jury in favor of plaintiff, requiring a reversal of the judgment, is not presented by any assignment of error.

■ No proof of death of the insured was ever furnished the defendant in connection with a claim of the benefits under the policy in controversy; but the record shows that proof of his death was furnished by Liddie Jackson, plaintiff in this suit, on two other policies in the name of deceased, on November 23, 1933, the death of Cap Taylor occurring on November 19, 1933, and defendant paid to plaintiff benefits under both of those policies, as shown by her receipts therefor, appearing in the record. On May 28, 1934, counsel for plaintiff addressed a letter to defendant at its home office in Nashville, Tenn., stating that Cap Taylor, the insured in the policy in question, had died on November 19, 1933; that plaintiff was entitled to the death benefit named therein as sole heir of Cap Taylor, since the beneficiary named in the policy had died prior to the death of the insured, and requesting blank proofs of death to be filled out and furnished to defendant. The defendant failed to comply with that request because of its claim that the policy had lapsed; and according to a well-settled rule of decisions, the insurer thereby waived its right to complain of failure to furnish such proofs of death. And for the same reason the court did not err in overruling defendant's special exception to allegations of those facts in plaintiff's petition. Springfield Fire & Marine Ins. Co. v. Whisenant (Tex.Civ.App.) 245 S.W. 963, and cases there cited; Simmons v. Western Indemnity Co. (Tex.Civ.App.) 210 S.W. 713; 7 Cooley's Briefs on Insurance, pp. 5917, 5997.

■ There is no stipulation or condition in the policy fixing a time limit for furnishing proof of the death of the insured. It embodies this agreement: "The National Life and Accident Insurance Company doth hereby agree, subject to the conditions herein, to pay to the beneficiary the amount of death benefit provided herein within twenty-four (24) hours after due proof of death has been furnished the Company." Of course, under common-law rules, it was incumbent upon the beneficiary to make such proof within a reasonable time, but that issue was not submitted or requested to be submitted as a defense to plaintiff's suit, and, therefore, was waived; even if it be said that the proof of death theretofore made to collect benefits of the other two policies relieved plaintiff of the burden to make the same proof again in order to collect under the policy in suit.

All assignments of error are overruled, and the judgment of the trial court is affirmed.