**DE MILLER et al. v. YZAGUIRRE.**

No. 4050.

Court of Civil Appeals of Texas. El Paso.

July 13, 1940.

Rehearing Denied Sept. 19, 1940.

Birkhead, Beckmann, Stanard & Vance, of San Antonio, on rehearing for certain appellants.

F. G. Garza, of Falfurrias, and Albert W. Searcy, of Corpus Christi, for appellants.

Raymond, Algee & Alvarado, of Laredo, for appellee.

PRICE, Chief Justice.

Appellee has moved to dismiss this appeal on the ground that appellants failed to file an appeal bond within twenty days after the expiration of the term at which the case was tried. Judgment was entered in the District Court of Duval County on the ———— day of February, 1940, and on the 8th day of that month the motion of appellants for a new trial was overruled. In the order was embodied an exception and notice of appeal. The case was tried before a jury at the January term, which opened on January 1, 1940, and expired by operation of law on the 10th day of February, 1940.

■ The term not continuing more than eight weeks, it was incumbent on appellants to file appeal bond, or affidavit in lieu thereof, within twenty days after the expiration of the term. Article 2253, R.S.1925, Vernon's Ann.Civ.St. art. 2253. A compliance with the statute is held requisite to confer jurisdiction over the appeal. Frier v. Krohn, Tex.Civ.App., 104 S.W.2d 537, and cases cited.

On February 28, 1940, Honorable Albert W. Search, as attorney of record for appellants, filed on their behalf his affidavit setting forth their inability to give an appeal bond. This affidavit was in regular form, and sworn to before the District Clerk of Duval County.

On the 9th day of March, 1940, the Honorable L. Broeter, Judge of the District Court of Duval County, filed with the Clerk a signed order reciting that on the 9th day of March, 1940, there had been presented to him the affidavits of Salvador Yzaguirre, appellee, H. P. Rogers, District Clerk, and B. E. Alexander, court reporter, contesting the affidavit of inability to pay or give security for costs filed on behalf of appellants, and on account of other business, being unable to hear same, requested the Honorable Dan Tobin, County Judge of Duval County, to hear same. The District Court was not in session on the 9th day of March.

On March 23, 1940, the Honorable Dan Tobin, the County Judge, heard the contest and entered an order denying to appellants the right to appeal as persons unable to give an appeal bond. His order recites that appellants at the hear-ing announced that they had procured and would forthwith file an appeal bond. The appeal bond was filed on March 23, 1940, and approved by the Clerk on the same day.

The affidavit filed by appellants seeking to prosecute the appeal without the giving of security or paying costs is in the transcript, but the affidavits contesting same do not appear therein. The only evidence of the date of filing same is found in the order of the District Judge of March 9, 1940, wherein it is recited that on such date the contesting affidavits had been presented to him.

■ If appeal has been properly effected, it was either by the giving of the bond on March 23, 1940, or the filing of the affidavit on February 28, 1940. Either of the two methods may be used, but one or the other perfects the appeal. Each is exclusive of the other. Under Article 2266, Vernon's Civil Statutes, where an affidavit is filed an ascertainment of the facts stated in the affidavit is provided in case a contest is filed within the ten-day period. If the court trying the case is in session, it is before that court; if in vacation, the judge of that court or the County Judge hears same. Here, the court trying the case was not in session. The decision of the County Judge sustained the contest. In our opinion, the admission, at the hearing, of appellants' ability to give the bond was an abandonment of the appeal by affidavit as to inability. Under the law the County Judge had the power to hear and determine as to whether appellants had the right to so appeal or were without that right.

In our opinion, we should not assume that the contesting affidavits were insufficient to raise the issue.

■ But for the contest, the right of appellants to so appeal would be clear. Said Article 2266 provides that, unless contested within ten days, the affidavit is conclusive. Adams v. Courson, Tex. Civ.App., 99 S.W.2d 686, and cases cited.

Here the affidavit was contested within the ten days. In such a case, to sustain the right to so appeal, it is necessary that the finding certifying to the right appear in the record. Hugle v. Motor Company, 117 Tex. 411, 6 S.W.2d 84.

In our opinion the appeal was not perfected under Article 2266.

428

Appeal bond was not filed within twenty days after the six-weeks term expired by operation of law. This requirement of Article 2253 is mandatory. Frier **v.** Krohn, supra.

The statute makes no exception as to those required to give bond to perfect an appeal; it conditions the right of appeal as to such as file the bond within the twenty days limited.

■ There is one other feature that demands consideration. One of the appellants is J. D. Moore, of Los Angeles, California, described as "Executor of the Estate of Avelino Yzaguirre, deceased." If sued in an official capacity, there would be a right to appeal from an adverse judgment without giving bond. This right, we think, is confined to executors or administrators appointed - by Texas courts. It does not appear that J. D. Moore, describing himself as an executor, ever appeared in that capacity. The judgment sought to be appealed from, as applied to J. D. Moore, simply describes him as executor. In the transcript it is nowhere alleged as to how or in what manner he became such executor. In our opinion the record is insufficient to show that J. D. Moore is entitled to appeal as executor.

■ We regret exceedingly the necessity of dismissing this appeal. Bond has been given, but not within the time prescribed by law. There is no showing in the record that between the filing of the affidavit and the hearing of the contest there was any change of conditions as to the ability to give bond for the appeal. The frankness of appellants on the hearing of the contest is to be commended; on the other hand, the mere making of an affidavit of inability to give bond, when not sustained by the facts, should not extend the time within which the requisite bond is to be filed. One electing to appeal by resort to the provisions of Article 2266, in case of a contest, has not the right to so appeal in the event it is established that there is the ability to give bond, unless the bond is filed within the time specified by Article 2253. Our power to review on appeal is conditioned on a compliance with the applicable statutes regulating the perfection of such appeal.

Appeal is dismissed.