## KINNEY v. WILEY et al.
### No. 12117.

Court of Civil Appeals of Texas. Galveston.
Oct. 13, 1949.

Rehearing Denied Nov. 3, 1949.

Thos. H. Dent, Galveston, for appellant. Wigley, McLeod, Mills & Shirley, Galveston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellant, John Kinney, in behalf of his wife, Julia Kinney, to recover damages from appellees, Rudolph Wiley, Barge Humphrey and Silas Smith, doing business as Quick Service Taxi Company for injuries alleged to have been sustained as the result of the negligent operation of a taxicab driven by appellee, Silas Smith, which was alleged to have re-resulted in the death of Flemon McJimson, the son of Julia Kinney.

The suit arose from a collision which occurred at the intersection of Avenue G and 26th Street in the city of Galveston, between a Ford automobile being driven by one Rayford Grimes and a taxicab being driven by appellee, Silas Smith, in which Flemon McJimson was riding as a passenger for hire. Flemon McJimson died as a result of the accident.

Appellant alleged that at the time of the collision said taxicab was being driven in a reckless and negligent manner and at an excessive and reckless rate of speed, that the driver thereof failed to keep a proper

lookout or to apply the brakes of said taxicab in time to prevent the collision. The alleged numerous and specific acts and omissions on the part of appellee were claimed to amount to negligence which proximately caused the accident.

Appellees answered by general denial and by special exceptions. They alleged that the accident in question and the damages occasioned thereby, if any, were caused by the negligent acts of one Rayford Grimes, the driver of a Ford automobile which was alleged to have run into the taxicab and that the negligence on the part of the driver of the Ford car was the sole proximate cause of said accident.

At the conclusion of his testimony the plaintiff dismissed his suit as to the defendants, Barge Humphrey and Rudolph Wiley.

Thereupon counsel for appellant sought leave to take a nonsuit, which motion the trial court refused stating "Counsel, the request comes too late. I have already indicated that I thought the motion was good and should be granted."

The court later stated "Let the record reflect that the court indicated to counsel prior to the request to take a non-suit what the ruling should be on an instructed verdict."

The controlling issues presented in the appeal where whether the trial court committed reversible error in instructing the jury to return a verdict for appellee, Silas Smith, and whether he committed reversible error in refusing to allow appellant to take a nonsuit.

 In the instant case the appellant had the burden of establishing by competent evidence a causal connection between the negligence of appellees and the fatal accident. The record is silent as to either direct proof or circumstantial evidence sufficient to support a finding of proximate cause.

The only evidence as to the accident was the testimony of the driver of the taxicab, Silas Smith, who testified that on the occasion in question, he picked up Flemon McJimson as a passenger and that when he approached the intersection of 26th Street and Avenue G, he slowed up, blew his horn and looked in both directions and that the next thing he knew the collision took place. He testified that he was knocked unconscious and that he did not remember anything after approaching and entering the intersection at which the collision occurred. There is no testimony in the record showing that Flemon McJimson was injured in the collision and no testimony as to his age, physical condition or health.

 It is well settled that the mere happening of an accident does not give rise to an inference of negligence. Thompson v. Gray, Tex.Civ.App., 219 S.W.2d 831; Texas Pac. Coal & Oil Co. v. Truesdell, Tex.Civ.App., 187 S.W.2d 418; Stokes v. Burlington-Rock Island R. Co., Tex.Civ. App., 165 S.W.2d 229; Lane v. Massachusetts Mutual Insurance Co., Tex.Civ.App., 202 S.W.2d 311. In the instant case there is no evidence connecting the appellee with the death of Flemon McJimson.

 Appellant's contention that the trial court erred in refusing to allow appellant to take a nonsuit cannot, under this record, we think, be sustained.

 Rule 164, Texas Rules of Civil Procedure, provides that "at any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced."

Where the defendant has moved for a peremptory instruction, the plaintiff's right to a nonsuit is controlled by the statute applicable to cases tried before the court without the assistance of a jury. Texas Electric Railway v. Cox, Tex.Com.App., 49 S.W.2d 725, 89 A.L.R. 11; Linguist v. Walker, Tex.Civ.App., 108 S.W.2d 737; Smith v. Columbian Carbon Co., 145 Tex. 478, 198 S.W.2d 727.

The court's statement in the instant case that he thought that the motion for an instructed verdict was good and that by the statement he had meant to tell counsel that he would have to instruct a verdict was, we think, tantamount to the granting of ap-

pellee's motion for an instructed verdict. The effect of the court's statement was that he had decided to give an instructed verdict.

The facts in this case are similar to those in the case of Linguist v. Walker, supra [108 S.W.2d 738]. In that case the court stated "it appears that the trial court, in open court, announced that in his judgment appellees' request for a peremptory instruction against appellant on his cross-action was well taken. This was tantamount to a judgment by the trial court on this issue and phase of the case."

In the case of Wood v. Moers, Tex.Civ. App., 289 S.W. 1017, 1018, under similar set of facts, the court said, "Were the rule otherwise, there would rarely, if ever, be such a result in a trial as a judgment upon an instructed verdict for the defendant, because in such cases, the plaintiff would probably resort to a nonsuit, rather than suffer the consequences of an instructed verdict against him."

It follows, we think, that judgment in favor of appellees must be in all things affirmed.

Affirmed.